MURCHISON NATIONAL BANK v. JOHN A. McCORMICK ET AL.

(Filed 27 May, 1926.)

**1. Pleadings—Cause of Action—Demurrer.**

When it is alleged in the complaint that the action is upon promissory notes brought six months after maturity with allegations that six months was to be given the payee to liquidate and apply the collateral, which had been done and a balance was still due, the amount involved, a demurrer *ore tenus* to the sufficiency of the complaint to state a cause of action is bad, and may not be aided by counter allegations as to a parol agreement set out by way of answer.

**2. Reference—Statutes.**

When the matter in dispute involves a long itemized accounting by the payee of a note for a period of six months in excess of five hundred dollars, formerly cognizable by courts of equity: *Held,* a compulsory order of reference, over objection of a party was proper under the provisions of C. S., 573 (1), (5).

**3. Same—Pleas in Bar—Pleadings—Cause of Action.**

A party to an action may not successfully object to a compulsory reference when the same is allowed by our statute, C. S., 573, (1), (5), and the complaint states a good cause of action, and no complete plea in bar to the entire cause is set up by him.

**4. Reference—Exceptions—Trial by Jury—Evidence.**

Where a party to an action has duly excepted to a compulsory refer-
ence and has not thereafter waived or lost his right to a trial by jury,
he may have the issues raised by him passed upon by the jury upon the
record and evidence taken before the referee.

APPEAL by defendants from order for compulsory reference, made by
*Midyette, J.,* at March Term, 1926, of NEW HANOVER. Affirmed.

Upon motion of plaintiff, the court being of opinion, after con-
sideration of the pleadings in this action, that the trial of the issues
of fact raised thereby, requires the taking of a long and complicated
account, and that the matters alleged in the answers are such as the
courts of equity of this State had jurisdiction of, prior to 1868, and
involve amounts in dispute, not less than $500, in value, ordered a com-
pulsory reference. C. S., 573, (1) and (5). Defendants excepted to ·
the order, and appealed therefrom to the Supreme Court.

Pending the appeal, which was docketed in this Court, on 24 April,
1926, after the week set apart, under the rules of this Court, for the
hearing of appeals from the Eighth Judicial District, which includes
New Hanover County had passed, upon affidavits filed, defendants moved,
in this Court, for a writ of prohibition, prohibiting further proceeding
in the action before the referee, until the final disposition of the appeal.
This motion was considered by the court and continued until the close
of arguments in appeals at this term from the Twentieth District. It
was also ordered that the appeal should be set down for argument upon
its merits at the close of the call of appeals at this term from the
Twentieth District. Pursuant to this order, the appeal was heard and
decided on 19 May, 1926.

*Rountree & Carr and Varser, Lawrence, Proctor & McIntyre for
plaintiff.*
*McNeill & Hackett, Junius J. Goodwin, J. G. McCormick and Dye
& Clark for defendants.*

CONNOR, J. Defendant's demurrer, *ore tenus,* first made in this Court,
for that the complaint fails to state facts sufficient to constitute a cause
of action, cannot be sustained. It affirmatively appears upon the face
of the complaint that this action was not begun against defendants,
upon their contract of guaranty, until six months had elapsed after
the maturity of the indebtedness for which plaintiff alleges in its
complaint defendants are liable. In the contract alleged in the com-
plaint, a copy of which is attached thereto as Exhibit A, the only con-
dition imposed upon plaintiff is that it "shall upon default in the pay-
ment of the above obligation grant to the Merchants & Farmers Bank
and to the signers of this instrument a period of six months in which

to collect and liquidate the collateral notes and other securities herein pledged before this obligation shall be due and payable." It is specifically alleged in the complaint that "at the time of the institution of this action, all of the said notes were more than six months past due." The parol agreement which defendants set up in the answer is not alleged in the complaint, and therefore cannot be considered in ruling upon defendants' demurrer.

A careful reading of the answers in this action discloses no plea in bar of plaintiff's "entire cause of action," as alleged in the complaint. We therefore hold upon authority of *Bank v. Evans,* 191 N. C., 535; *Lumber Co. v. Pemberton,* 188 N. C., 532; and *Alley v. Rogers,* 170 N. C., 538, that the order of compulsory reference was not erroneous.

The order is affirmed. It is clear, from a reading of the pleadings in this action, that it is a proper action for trial by a referee. Defendants having excepted to the order, cannot be deprived of their constitutional right to have the issues of fact tried by a jury provided they preserve this right as provided by law. C. S., 573. They have no just ground for complaint, certainly, in law, that if issues are hereafter submitted to a jury, they will be determined in accordance with the statute enacted by the General Assembly of this State. (C. S., 573(5), which provides that upon the trial of the issues, after a compulsory reference, only the "written evidence taken before the referee" shall be submitted to the jury.

We do not deem it necessary or advisable to discuss in this opinion the merits of this appeal further or to set out in detail the matters set up in the answers, which defendants contend constitute pleas in bar. It is apparent from the amount involved and the defenses relied upon, that many questions will arise during the course of the litigation. These questions ought not to be considered or discussed by this Court until they are properly presented to us upon appeal.

Having disposed of this appeal upon its merits, the motion for the writ of prohibition need not further be considered. It is dismissed for the reason that defendants can no longer be interested in pressing their motion. The order of compulsory reference is

Affirmed.