LOTTIE MAE CAUDLE v. DURWOOD E. CAUDLE.

(Filed 2 May, 1934.)

**Divorce E a—**

In an application for alimony *pendente lite* under C. S., 1666, it is required by the statute that the court find the facts in determining whether the wife is entitled to alimony, her right thereto being a question of law, and it is error for the court to refuse applicant's request for a finding of facts upon which the court denies the application.

APPEAL by plaintiff from *Harris, J.,* at Chambers, Raleigh, 24 October, 1933. From WAKE.

Civil action for divorce *a vinculo* on ground of adultery, with application for alimony *pendente lite* and counsel fees.

Upon application for alimony and counsel fees, made under C. S., 1666, the court denied the same, after a full hearing, upon conflicting evidence.

The plaintiff, in apt time, moved the court to find the facts, which motion was overruled, the court simply adjudging that it "is unable to find such facts as will justify the allowance of alimony *pendente lite* or counsel fees to the plaintiff."

From this ruling, the plaintiff appeals, assigning errors.

*Walter L. Spencer for plaintiff.*
*W. H. Sawyer for defendant.*

STACY, C. J. It was said in *Moore v. Moore,* 130 N. C., 333, 41 S. E., 943, that upon application for alimony *pendente lite* under C. S., 1666, "whether the wife is entitled to alimony is a question of law upon the facts found," reviewable on appeal by either party, and the "court below must find the facts" upon request.

The court erred, therefore, in declining to find the facts. Not until the facts are found can we determine the correctness of the ruling as a matter of law. *McManus v. McManus,* 191 N. C., 740, 133 S. E., 9.

It should be observed, perhaps, that plaintiff makes her application under C. S., 1666, and not under C. S., 1667. The dissimilarity of the two statutes has been pointed out in a number of cases, notably *Price v. Price,* 188 N. C., 640, 125 S. E., 264, and *McManus v. McManus, supra.*

Error.