This is an action brought by plaintiff against the defendant for an absolute divorce on the grounds of adultery. The defendant in her answer denied the charge and for a further answer and defense, and as a cross complaint against the plaintiff, alleged, among other things: "That about July, 1936, in their home, plaintiff falsely and without any truth or justification, accused the defendant of committing adultery with a certain man, and, when defendant denied the same, he struck the defendant in the face with his fist; that the plaintiff's entire course of conduct towards the defendant, with rare intervals, has been for a long period so uniformly cruel and abusive as to have undermined the defendant's health and rendered her condition intolerable. . . . That the defendant has always conducted herself towards the plaintiff as a faithful and obedient wife; that the life and conduct of the defendant has been free from blame, and she has been an obedient, faithful and dutiful wife to the plaintiff. . . . The plaintiff pointed a pistol at the defendant and tried to force the defendant to say that she had had improper relations with some person, and had kicked the defendant in the back when plaintiff had the pistol pointed at her. . . . That the defendant had not at any time or in any respect given the plaintiff *Page 570 
any reason for separating himself from her or justify plaintiff in failure to support her; that the plaintiff has cruelly humiliated and insulted the defendant by falsely charging her with adultery and has willfully and deliberately and without cause or justification deserted and abandoned the defendant with intent not to return to defendant, and the defendant, by such false and malicious charges and cruel and humiliating conduct on the part of plaintiff, cannot live with the plaintiff and is entitled to a divorce from bed and board from the plaintiff."
Upon the pleading and evidence, the court below, "On motion for alimonypendente lite and counsel fees, both plaintiff and defendant being present and each being represented by counsel. From the complaint, cross complaint of defendant and answers and the affidavits filed and read in evidence, the court finds as a fact that the plaintiff and defendant were married on January 29, 1922; that the plaintiff Arthur D. Covington has charged the defendant Margaret J. Covington with adultery; that the defendant Margaret J. Covington denies under oath the adultery charged against her. The court further finds as a fact that it does not find that the defendant Mrs. Margaret J. Covington committed adultery. The court finds as a fact that the plaintiff Arthur D. Covington has willfully deserted and abandoned the defendant Margaret J. Covington without providing her with adequate support; the court finds as a fact that the plaintiff Arthur D. Covington left the home of the defendant on or about February 16, 1938, without the intention of returning; that he contributed the sum of $50.00 a month to the defendant from February 16, 1938, to August 19, 1938, but since August 19, 1938, has contributed nothing to the defendant's support and has wholly and willfully abandoned the defendant. The court further finds as a fact that the defendant has not sufficient means whereon to subsist during the prosecution of her action for divorce from bed and board and her defense to the action for the plaintiff; the court further finds as a fact that the defendant is unable financially to defray the necessary and proper expenses of her action and defense and to employ counsel; the court further finds as a fact that the plaintiff, her husband, is amply able to pay to the defendant the sum of $50.00 a month for alimony during the pendency of the actions of the plaintiff and defendant and the sum of $100.00 for counsel fees at this time.
"It is therefore ordered, adjudged and decreed: (1) That Arthur D. Covington, plaintiff, be and he is hereby ordered to pay to Margaret J. Covington, defendant, $50.00 a month for her support commencing with the month of December, 1938, the first payment to be made on or before December 15, 1938; thereafter monthly payments to be made on or before the first day of each month. (2) That Arthur D. Covington, *Page 571 
plaintiff, be and he is hereby ordered to pay to J. Edward Stukes, attorney for the defendant, the sum of $100.00, to be credited on such counsel fees as the court may allow at the final determination of the actions of the plaintiff and defendant; the payment of said sum shall be on or before December 15, 1938. (3) All of said payments shall be made into the office of the clerk of Superior Court of Mecklenburg County, North Carolina. This the 15th day of December, 1938. Hubert E. Olive, Judge Presiding."
The plaintiff objected and excepted to the above ruling of the court below allowing the defendant alimony and counsel fees and appealed to this Court. We do not think the objection and exception can be sustained.
The defendant's cross action for divorce from bed and board is bottomed on N.C. Code, 1935 (Michie), section 1660, which, in part, is as follows: "The Superior Court may grant divorces from bed and board on application of the party injured, made as by law provided, in the following cases: (1) If either party abandons his or her family. (3) By cruel or barbarous treatment endangers the life of the other. (4) Officers such indignities to the person of the other as to render his or her condition intolerable and life burdensome."
We think the facts found by the court below sufficient in law to sustain the order. Vaughan v. Vaughan, 211 N.C. 354; S. c., 213 N.C. 189.
In Holloway v. Holloway, 214 N.C. 662 (663), it is said: "On a motion for alimony pendente lite and counsel fees in an action instituted by a wife against her husband under the provisions of C. S., 1666, whether the wife is entitled to alimony is a question of law upon the facts found, and the court below must find the facts, upon request. Moore v. Moore,130 N.C. 333, 41 S.E. 943; McManus v. McManus, 191 N.C. 740,133 S.E. 9; Caudle v. Caudle, 206 N.C. 484, 174 S.E. 304. The wife is entitled to an allowance on proper showing when she, as defendant, sets up a cross action in a suit instituted by the husband. Webber v.Webber, 79 N.C. 572."
The judgment of the court below is
Affirmed. *Page 572