JOE SMITH v. ZELMORE SMITH.

(Filed 31 May, 1941.)

**Divorce § 11—**

The presence of plaintiff husband in court with his witnesses is tantamount to a tender of such witnesses and a request for findings of fact, and in such circumstances it is error for the court, without finding any facts, to order plaintiff to pay defendant counsel fees "before empanelling the jury to try the issues" involved in the husband's action for divorce and the wife's cross action for divorce *a mensa et thoro.*

APPEAL by plaintiff from order allowing counsel fees by *Rousseau, J.,* at December Term, 1940, of FORSYTH.

*W. Avery Jones for plaintiff, appellant.*
*Hastings, Booe & Abbott for defendant, appellee.*

PER CURIAM. Plaintiff instituted divorce action against defendant, his wife, upon the ground of more than thirteen years separation. Defendant filed cross action against plaintiff, her husband, for *divorce a mensa et thoro,* wherein more than thirteen years separation is admitted and the further allegation is made of such treatment of her by him as to render her condition intolerable and life burdensome. In this cross action alimony and counsel fees are asked.

The cause came on for trial. Whereupon the court, without finding any facts, ordered the plaintiff to pay the defendant $50.00 counsel fees, and deferred the question of alimony until the trial of the cause. Included in this order was the following: ". . . said (counsel) fees to be paid before empanelling the jury to try the issues." To this order the plaintiff excepted and appealed, assigning error.

We are constrained to hold that the exception of the plaintiff is well taken. ". . . 'whether the wife is entitled to alimony is a question of law upon the facts found,' reviewable on appeal by either party, and the 'court below must find the facts' upon request." *Caudle v. Caudle,* 206 N. C., 484, 174 S. E., 304. The same is true of counsel fees. The fact that the plaintiff was in court with his witnesses prepared, perhaps, to show that the separation was due to the fault of the defendant and that she was able to pay her own counsel was tantamount to a tender of said

witnesses and a request that the facts upon which any order was based be found after a hearing by the court of such witnesses, and the failure to find the facts under these circumstances was error, since until such facts are found this Court is unable to determine the correctness of the ruling as a matter of law. *McManus v. McManus,* 191 N. C., 740, 133 S. E., 9; *Caudle v. Caudle, supra.*

Error.