GLADYS HARRELL v. WALTER R. HARRELL, JR.

(Filed 20 January, 1961.)

**1. Appeal and Error § 3—**

An appeal lies as a matter of right and not as a matter of grace in those cases in which an appeal is authorized. G.S. 1-271, G.S. 1-277, G.S. 1-279, G.S. 1-280.

**2. Same: Appeal and Error § 12—**

An appeal does not lie from an interlocutory order unless it deprives the party aggrieved of a substantial right which will be lost if not reviewed before final judgment, G.S. 1-277, but even so, the Superior Court may not stay proceedings and seek to preclude an appeal from a nonappealable interlocutory order, since such appeal will be dismissed in due course in the Supreme Court.

**3. Appeal and Error § 3: Reference § 3—**

Ordinarily an appeal will not lie from an order of compulsory reference made pursuant to statute where there is no complete plea in bar to the entire case, but an appeal will lie from an order of compulsory reference when such interlocutory order is not in accordance with the course and practice of the courts, affects a substantial right, and would incur costs which the aggrieved party would be without remedy to recover.

**4. Same: Divorce and Alimony § 18—**

Upon the hearing to determine the amount to be awarded the wife as subsistence and counsel fees *pendente lite*, G.S. 50-16, the statute does not contemplate an accounting between the husband and wife even though the amount of his income is controverted, and an order of compulsory reference involving examination of books and business records located in various parts of the United States, with requirement of an undertaking for the payment of the expenses of the reference, does not come within the purview of G.S. 1-189(2) and is appealable as involving a substantial right and unrecoverable expense.

**5: Divorce and Alimony § 18—**

The purpose of the statutory provision for subsistence and counsel fees *pendente lite* is to put the wife on substantially even terms with the husband in the litigation pending trial, and it is not contemplated that the proceedings be delayed by a slow and costly reference even though the amount of the husband's income is controverted, since the court has plenary power to require the disclosure of any information within the knowledge of or available to the parties bearing upon the amount which should be allowed, which amount may be modified or vacated at any time on motion.

APPEAL by defendant from *Johnston, J.,* at Chambers 29 July 1960, in FORSYTH.

Plaintiff commenced this action 13 April 1960 for alimony without divorce, property settlement, custody of child and attorney's fees.

Defendant filed answer and by denying material allegations of the complaint raised issues of fact requiring trial by jury. Plaintiff filed a reply.

Pursuant to notice duly given, plaintiff moved before Johnston, J., for subsistence for herself and child *pendente lite* and counsel fees. Hearings were held 22 and 29 July 1960.

The court heard and considered on behalf of plaintiff: complaint and reply (received as affidavits) and the affidavits of plaintiff, Mrs. Sudie J. Cropps, T. W. Heath and Mrs. Lucy K. Glass. On behalf of defendant the court heard and considered: answer (used as affidavit), affidavit of defendant and testimony of Dan Drummond.

On the question of support and maintenance plaintiff's evidence tends to show: Defendant has been providing $258.00 per month for support of plaintiff and their child. This is inadequate. Plaintiff and defendant own a residence in Winston-Salem as tenants by the entirety. Defendant during the year ending June 1959 had a net reported income of $12,870.73. He also had other income. He is owner of the capital stock of W. R. Harrell Produce, Inc., a Florida corporation engaged in transporting produce.

Defendant offered operating statement and balance sheet of W. R. Harrell Produce, Inc., prepared by Dan Drummond, accountant. The statement and balance sheet showed for the year 1 June 1959 to 31 May 1960, among other things: total receipts, $24,837.81 and total expenses, $22,812.50. Expenses included officer's salary, $3,900.00 (salary of defendant) and depreciation, $2,320.80. The net profit was $2,025.01. The balance sheet showed assets as of 31 May 1960 of $20,473.66, including $588.71 cash, $16,000.00 equipment and $8,743.35 accounts receivable. This item of $8,743.35 purported to be a sum due by defendant to the corporation — it arose by reason of withdrawal of $10,000.00 from corporation funds for purchase of equipment. Corporate liabilities and net worth consisted of reserve for depreciation, $6,750.00, surplus, $3,723.66, capital stock $10,000.00. Drummond testified that he was an accountant of 27 years experience. He qualified as an expert accountant. He had kept the records of the corporation from the inception of defendant's business. He made the statement and balance sheet from trip sheets and cancelled checks.

On 5 August 1960 the court signed an order in material part as follows:

". . . (T)he Court finding as a fact that in order to determine the amount, if any, which should be ordered paid by the defendant to the plaintiff as temporary support for herself and for the child of this marriage, it is necessary that the Court determine the approxi-

mate income of the defendant; and it further appearing to the Court, and the Court finding as a fact that the amount of income of the defendant is not agreed upon by the parties, and that the amount of such income is not readily apparent to the Court and that there is a substantial difference in the amount of defendant's income as contended by the parties;

"And it further appearing to the Court, and the Court finding as a fact that the defendant is engaged in the business of hauling produce by tractor-trailer from the State of Florida to many different locations and States other than Florida, and that the only evidence before the Court at this time which will enable the Court to determine the income of the defendant is Affidavits submitted by the parties and the oral testimony of Mr. Dan L. Drummond, the bookkeeper of the defendant, whose testimony is based on information provided him by the defendant or at the defendant's directions;

"And it further appearing to the Court, and the Court finding as a fact that the taking of an account to determine the income of the defendant is necessary for the information of the Court in order to enter a proper Order upon the plaintiff's Motion for temporary support for herself and her minor child, and that an examination should be made of the defendant's books and other business records as well as of information located in various parts of the United States;

"IT IS NOW, ON THE COURT'S OWN MOTION, ORDERED that this matter be referred to Robert H. Sapp, Attorney, for the purpose of obtaining information for the Court as to the income of the defendant, and that Robert H. Sapp obtain evidence from plaintiff and defendant and from all known sources of information as to the income of the defendant, and that he report his findings as to the income of the defendant to this Court in the manner provided by law not later than the 7th day of October, 1960.

"IT IS ALSO ORDERED that the defendant pay into the office of the Clerk of Superior Court the sum of Two Hundred ($200.00) Dollars as an undertaking for the payment of whatever expenses may be incurred or taxed against the defendant as costs in this cause."

On 13 August 1960 defendant excepted to the order and moved that it be set aside and vacated. The motion was overruled and defendant excepted. At the same time defendant gave notice of appeal. The court declined to sign the appeal entry and refused to fix appeal bond. Defendant excepted.

Defendant petitioned the Supreme Court for *certiorari* and *supersedeas*. The writs were issued.

Defendant assigns errors.

*Robert B. Wilson, Jr., for plaintiff.*
*W. Scott Buck for defendant.*

MOORE, J.  A Superior Court Judge can neither allow nor refuse an appeal. "Appeals lie from the Superior Court to the Supreme Court as a matter of right rather than as a matter of grace. Under the Code of Civil Procedure, the aggrieved party is authorized to *take an appeal* in the cases prescribed by law. G.S. 1-271, 1-277, 1-279, 1-280. In such cases, he appeals as a matter of right on compliance with the statutes and rules of court as to the time and manner of taking and perfecting the appeal." But where an interlocutory order is not subject to appeal, the Superior Court need not stay proceedings pending dismissal of the appeal in Supreme Court. *Veazey v. Durham,* 231 N.C. 357, 365, 57 S.E. 2d 377.

"Appellate procedure is designed to eliminate the unnecessary delay and expense of repeated fragmentary appeals, and to present the whole case for determination in a single appeal from the final judgment. To this end, the statute defining the right of appeal prescribes, in substance, that an appeal does not lie to the Supreme Court from an interlocutory order of the Superior Court, unless such interlocutory order deprives the appellant of a substantial right which he might lose if the order is not reviewed before final judgment. G.S. 1-277 (and cases cited)." *Raleigh v. Edwards,* 234 N.C. 528, 529, 530, 67 S.E. 2d 669.

Ordinarily an appeal will not lie from an order of compulsory reference made pursuant to statute and where there is no complete plea in bar to the entire case. McIntosh: N. C. Practice and Procedure, 2d Ed., Vol. 2, s. 1782(3) (b); *Leach v. Quinn,* 223 N.C. 27, 25 S.E. 2d 170; *Bank v. McCormick,* 192 N.C. 42, 133 S.E. 183.

It is our opinion, however, that the order of compulsory reference in the instant case is appealable. Compulsory reference is not a proper procedure under the circumstances here presented. The order affects a substantial right of defendant. It requires that defendant deposit immediately with the Clerk $200.00 for payment of whatever expenses may be incurred. It is common knowledge that references are expensive. It is reasonable to assume that the expense of a reference, involving the transactions of a business having its principal office in the State of Florida and transporting produce over a large part of the United States, would greatly exceed $200.00. To require defendant to defer testing the validity of the order until the reference has been completed and the costs have been incurred and imposed would sub-

stantially affect his rights and leave him without remedy for recovery of the expenses necessarily involved.

The circumstances under which compulsory references may be ordered are fixed by statute. G.S. 1-189. The court found facts as a basis for the order of reference and stated that "it is necessary that the Court determine the approximate income of the defendant," that defendant's income is not agreed upon by the parties and the amount is not readily apparent to the Court, "that the taking of an account to determine the income of defendant is necessary for the information of the Court in order to enter a proper order upon the plaintiff's Motion for temporary support . . . and that an examination should be made of the defendant's books and other business records as well as of information located in various parts of the United States."

It is apparent that the court undertook to proceed under subsection 2 of G.S. 1-189 which authorizes a compulsory reference "Where the taking of an account is neccesary for the information of the court, before judgment, or for carrying a judgment or order into effect."

"Our statutes relating to trials by referees serve a useful purpose, and must be liberally construed." *Jones v. Beaman,* 117 N.C. 259, 261, 23 S.E. 248; *Bank v. Evans,* 191 N.C. 535, 539, 132 S.E. 563. A reference under G.S. 1-189(2) is in the nature of an interlocutory reference for the information of the court. Such reference involves incidental questions of fact, upon a determination of which the court may proceed, and these may be referred without involving the whole case. McIntosh: N. C. Practice and Procedure, 2d Ed., Vol. 1, s. 1393 (1), p. 770. But as indicated by the statute the taking of an account must be necessary. It also seems clear that the accounting taken should have some direct relation to the ultimate disposition of the case.

Pending the trial and final determination of the issues in an action for alimony without divorce, the wife may apply to the court for reasonable subsistence and attorney's fees to be secured from the husband's estate or earnings, according to his condition and circumstances; any allowance ordered may be modified or vacated at any time, on the application of either party. G.S. 50-16. The purpose of the allowance for attorney's fees is to put the wife on substantially even terms with the husband in the litigation. *Mercer v. Mercer,* 253 N.C. 164, 116 S.E. 2d 443. The amount of the allowance for subsistence *pendente lite* is for the trial judge. He has full power to act without the intervention of a jury and his discretion in this respect is not reviewable, except in case of manifest abuse of discretion. *Mercer v. Mercer, supra; Fogartie v. Fogartie,* 236 N.C.

188, 72 S.E. 2d 226. The granting of an allowance and the amount thereof does not necessarily depend upon the earnings of the husband. One who has no income, but is able-bodied and capable of earning, may be ordered to pay subsistence. *Muse v. Muse,* 84 N.C. 35.

The provision for temporary subsistence pending the trial on the merits does not involve an accounting between husband and wife. It is not designed to determine property rights or to finally ascertain what alimony the wife may be entitled to in the event she prevails on the merits. Its purpose is to give her reasonable subsistence pending trial and without delay. The matter may be heard on affidavits. It is not contemplated that the proceeding will be delayed by a slow and costly reference involving the examination of records in many different locations and in other States. From an examination of the evidence and information before the court below, it does not appear that a reference was necessary. The facts to be found by such reference would have no lasting value and would not be binding upon the court at a final hearing. The fortunes of business change. The temporary order of alimony may be modified or vacated at any time on motion. *Quare:* Would it be proper to order a reference upon each hearing for modification for change of condition?

We do not exclude the possibility that a case might arise in which a mandatory reference might be proper in a proceeding for alimony *pendente lite.* But such procedure is contrary to the course and practice of our courts.

Plaintiff cites *Cram v. Cram,* 116 N.C. 288, 21 S.E. 197, in support of the order made. This was an action for alimony without divorce. The Court said: "(W)here facts are found or admitted which entitle a wife to a statutory allowance for support, it becomes the duty of the judge, as in the case of fixing the amount of alimony, to hear evidence himself or to order a reference to ascertain such facts, as to the income of the husband, the value of his estate, etc., as will enable him to determine what is 'a reasonable subsistence, according to his (the husband's) condition and circumstances' as the statute declares 'it should be lawful for such judge' to do." pp. 295-6. In this case there had been a final hearing on the merits and it had been determined that the wife was entitled to alimony. The cause had been retained for determination of the amount of alimony. Pending this determination defendant had appealed. We express no opinion as to whether the *dicta* in that case should be adopted as a rule of law in this jurisdiction. Suffice to say that the *Cram* case did not involve alimony *pendente lite.*

The court has jurisdiction of the parties and has plenary power and authority to require the disclosure of any information within their knowledge or available to them bearing upon a temporary allowance. It is not necessary that the parties agree as to what the husband's income is. The findings of the court will not be disturbed if based on competent evidence. *Mercer v. Mercer, supra.*

The order is vacated and the cause is remanded for further proceedings in accordance with law.

Reversed and remanded.