## MRS. ANNIE R. SCHLOSS v. SIMEON A. SCHLOSS.

(Filed 20 March 1968)

**1. Divorce and Alimony § 16—**

If the husband abandons the wife within the purview of G.S. 50-7(1), she is entitled to alimony without divorce under former G.S. 50-16, notwithstanding that he may continue to provide adequate support for her.

**2. Same—**

In an action for alimony without divorce, a complaint alleging abandonment is not demurrable for failure to allege the amount of support supplied to the wife by the husband since his withdrawal from the home.

**3. Divorce and Alimony § 2—**

In an action for alimony without divorce, the issues raised by the pleadings must be determined by a jury before permanent alimony may be awarded.

**4. Divorce and Alimony § 18—**

An award *pendente lite* does not affect the final rights of the parties and may be entered by the judge without a jury.

**5. Same—**

 In granting or denying alimony *pendente lite* the court is not required to make findings of fact unless adultery of the wife is pleaded in bar, although the better practice is to do so.

**6. Same—**

 The amount of alimony *pendente lite* for the support of the wife rests in the sound discretion of the trial court, but such discretion is not absolute, and while the financial ability of the husband to pay is a major factor in the amount arrived at, the court must also consider the earnings and means of the wife. G.S. 50-16.

**7. Same—**

 The amount awarded as subsistence *pendente lite* will not be disturbed on appeal in the absence of a clear abuse of discretion.

**8. Same—**

 An award of $1500 per month as alimony *pendente lite* for the support of the wife, although exceedingly liberal under the circumstances of this case, *is held* not to constitute a clear abuse of discretion.

**9. Same—**

 The purpose of the allowance of counsel fees *pendente lite* is to enable the wife to meet the husband on substantially even terms during the litigation by allowing her to employ adequate counsel.

**10. Same—**

 Where plaintiff alleges that she has over $13,000 in bank accounts and investments and owns a new automobile and a $48,000 residence free of encumbrances, and where she has been awarded subsistence *pendente lite* of $1500 per month, an award of $2500 for counsel fees *pendente lite* is *held* to be error in the absence of findings by the court that she is financially unable to employ counsel.

HUSKINS, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Riddle, S.J.*, at the 12 June 1967 Special Non-Jury Session of MECKLENBURG. This case was docketed and argued as No. 287 at Fall Term 1967.

This is an action for permanent alimony without divorce, for alimony *pendente lite* and for counsel fees.

The defendant appeals from an order directing him to pay $1,500 per month as alimony *pendente lite* and $2,500 as a fee for services rendered by the plaintiff's attorney *to the date of the order*. The order contains no finding of fact, stating merely that it appeared to the court "from the complaint filed by the plaintiff and the affidavits offered by the respective parties, that the plaintiff is entitled to the relief sought for alimony *pendente lite* and counsel fees."

The verified complaint alleges the plaintiff, then 54 years of age,

and the defendant, then 63, were married on 7 November 1965; the plaintiff owns a home in Charlotte worth $48,000, a 1967 Chevrolet automobile and stocks and bank accounts totalling $13,600, from which she derives an annual income of $417.95; the defendant owns corporate stocks and partnership interests worth more than $1,200,000 and has a gross annual income in excess of $100,000; without any provocation or fault on the part of the plaintiff, the defendant left the home on 17 April 1967 and, since that time, has lived separate and apart from the plaintiff; and the following is "an estimated list of the plaintiff's living expenses on a yearly basis":

"EXHIBIT 'A'

|  | Per Year |
|---|---|
| Taxes on home | $    616.70 |
| Repairs and paint, etc. (home and garage) | 500.00 |
| Replacement of appliances, draperies and rugs | 1,000.00 |
| Maid and yardman, seed and fertilizer | 3,240.00 |
| Lights | 387.26 |
| Heat | 275.00 |
| Water | 68.75 |
| Telephone (including long distance) | 170.00 |
| Fire wood | 45.00 |
| Insurance on home | 368.00 |
| Insurance on cars | 242.00 |
| Life Insurance | 80.42 |
| Hospital Insurance | 219.80 |
| Extra travel insurance | 20.10 |
| Car (new one every three years) | 3,800.00 |
| Upkeep — license, oil and gas | 700.00 |
| Shrubbery and tree care | 100.00 |
| Newspapers | 26.00 |
| Magazines | 20.00 |
| Books | 20.00 |
| Doctor | 200.00 |
| Dentist | 150.00 |
| Eye care | 150.00 |
| Food and miscellaneous for home | 6,500.00 |
| Clothing | 2,700.00 |
| Dry cleaning | 175.00 |
| Drugs | 214.00 |
| Beauty parlor | 300.00 |
| Drapery and rug cleaning | 50.00 |
| Trips | 2,000.00 |

| | |
|---|---|
| Entertainment and clubs | 1,300.00 |
| Church pledge and circle and Sunday School | 600.00 |
| Charity | 100.00 |
| Christmas | 1,000.00 |
| Gifts, weddings, birthdays | 500.00 |
| TOTAL | $27,838.03" |

The only other evidence offered by the plaintiff consisted of her affidavit as to the effect of an award of alimony, as prayed for, upon the defendant's income tax liability.

The evidence for the defendant consisted of his own affidavit and affidavits of three other persons, the latter relating respectively to: (1) Alleged unreasonable financial demands made by the plaintiff upon her former husband during their marriage; (2) criticism of defendant and derogatory remarks concerning him and his family made by the plaintiff to his employee; and (3) similar remarks by the plaintiff to the maid, employed in the home until her discharge by the plaintiff.

The affidavit of the defendant was to the following effect with respect to the matters here material:

Their marriage was the second for each of the parties. Prior to the marriage, the plaintiff was a registered nurse and had an income from her profession plus an income from investments and from the business of her deceased former husband. From the marriage to the separation (approximately 17 months), the defendant lived with the plaintiff in her home and paid all household and living expenses, including joint income tax liabilities. The total of such household bills and expenses, including the support of the plaintiff's son and daughter by her former marriage, averaged $543.00 per month. In addition, the defendant, during the marriage, made substantial gifts to the plaintiff, took her at his expense on numerous pleasure trips, contributed to the college education of her daughter and purchased furniture and appliances for the home. Since the separation the defendant "has paid all of the plaintiff's expenses of every kind and has given her $100.00 per week in cash," has provided her and her daughter (the son being now grown and no longer residing in the home) with medical and hospital insurance and has informed her, through her attorney, that he would continue to pay her "expenses" and, in addition, pay to her $100.00 per week in cash throughout their separation. The defendant is "in comfortable financial circumstances" as the result of his own 43 years in business, the plaintiff having contributed nothing to his financial success. The defendant's primary business consists of a partnership with his sister. This necessitates

frequent conferences with the sister, toward whom the plaintiff has been antagonistic and insulting. The plaintiff is obsessed with a desire for money and with animosity toward the defendant's friends, family and religion, her denunciations of these compelling the defendant to leave the home.

*Hunter M. Jones and James O. Cobb for defendant appellant.*
*Warren C. Stack and James L. Cole for plaintiff appellee.*

LAKE, J. Our sole concern upon this appeal is with an order awarding subsistence and counsel fees to the plaintiff *pendente lite* in her action for alimony without divorce. The rights of the parties are governed by G.S. 50-16, since this litigation began prior to the repeal of that statute by the Session Laws of 1967, chapter 1152. The 1967 Act provides expressly that it shall not apply to pending litigation.

The pertinent provisions of G.S. 50-16 are:

> "If any husband shall separate himself from his wife *and* fail to provide her * * * with the necessary subsistence according to his means and condition in life * * * *or* if he be guilty of any * * * acts that would be * * * cause for divorce * * * from bed and board, the wife may institute an action * * * to have a reasonable subsistence and counsel fees allotted and paid * * *. Pending the trial and final determination of the issues * * * such wife may make application * * * for an allowance for such subsistence and counsel fees, and it shall be lawful for such judge to cause the husband * * * to pay so much of his earnings * * * as may be proper, according to his condition and circumstances, for the benefit of his said wife * * * having regard also to the separate estate of the wife. * * *" (Emphasis added.)

G.S. 50-7 provides:

> "The superior court may grant divorces from bed and board:
> "(1)  If either party abandons his or her family. * * *
> "(4)  Offers such indignities to the person of the other as to render his or her condition intolerable and life burdensome."

It is undisputed that since the separation of the plaintiff and the defendant he has paid all of the plaintiff's household bills and, in addition, has paid the plaintiff $100.00 per week. We have held, however, that a husband may be deemed to have abandoned his wife

within the meaning of G.S. 50-7(1), and so be liable for alimony under G.S. 50-16, notwithstanding the fact that, after cohabitation is brought to an end, he voluntarily provides her with adequate support. *Richardson v. Richardson,* 268 N.C. 538, 151 S.E. 2d 12; *Thurston v. Thurston,* 256 N.C. 663, 124 S.E. 2d 852; *Pruett v. Pruett,* 247 N.C. 13, 100 S.E. 2d 296. Whether his withdrawal from the home, followed by such support, constitutes an abandonment which is ground for suit by the wife for divorce from bed and board, and therefore ground for suit by her for alimony without divorce under G.S. 50-16, depends upon whether his withdrawal from the home was justified by the conduct of the wife. See: *Deal v. Deal,* 259 N.C. 489, 131 S.E. 2d 24; *Pruett v. Pruett, supra; Ollis v. Ollis,* 241 N.C. 709, 86 S.E. 2d 420; *Caddell v. Caddell,* 236 N.C. 686, 73 S.E. 2d 923. This being true, the complaint in this action, which alleges such withdrawal without justification, is not demurrable for the failure of the wife to allege therein the amount of support supplied to her by the husband since his withdrawal from the home. Therefore, the demurrer *ore tenus* filed by the defendant in this Court on that ground is overruled.

If, upon the trial of the action on the merits, it is determined that the husband's withdrawal from the home was without justification, notwithstanding his voluntary payments for the wife's subsistence thereafter, the court may award permanent alimony to the wife pursuant to G.S. 50-16. *Thurston v. Thurston, supra; Butler v. Butler,* 226 N.C. 594, 39 S.E. 2d 745.

We are not here concerned with the right of the plaintiff to permanent alimony. Before permanent alimony may be awarded, the issues raised by the pleadings must be passed upon by a jury. *Davis v. Davis,* 269 N.C. 120, 152 S.E. 2d 306. An award *pendente lite* may, however, be made by the judge, and he is not required to set forth in his order any findings of fact where, as here, there is no allegation of adultery by the wife, though it is better practice for such findings of fact to be made and set forth in the order. *Myers v. Myers,* 270 N.C. 263, 154 S.E. 2d 84; *Deal v. Deal, supra; Creech v. Creech,* 256 N.C. 356, 123 S.E. 2d 793; *Holloway v. Holloway,* 214 N.C. 662, 200 S.E. 436. The order granting or denying an award of subsistence *pendente lite,* with or without counsel fees, whether or not containing findings of fact, is not a final determination of and does not affect the final rights of the parties. *Davis v. Davis, supra; Deal v. Deal, supra; Fogartie v. Fogartie,* 236 N.C. 188, 72 S.E. 2d 226.

When a man marries he assumes, and the law imposes upon him, the obligation to provide his wife reasonable support. *Wilson v. Wil-*

*son,* 261 N.C. 40, 134 S.E. 2d 240. This duty rests upon the husband irrespective of the wife's ownership of property and of her having a separate income of her own. It continues to rest upon him after he withdraws from the home and separates himself from his wife without justification. So long as the parties live together and the husband provides for the wife a reasonable support, consistent with her comfort, welfare and safety, the law leaves to his discretion the selection of the home and the standard of living to be maintained therein. See *Sprinkle v. Ponder,* 233 N.C. 312, 64 S.E. 2d 171. Under those circumstances, the law leaves it to the discretion of even a wealthy husband to make provision for a future rainy day, even though it may appear to his wife that he is making provision for a flood in an arid climate. When, however, he separates himself from his wife without justification, the normal influences toward generosity are no longer present. In that event, if the parties, themselves, are unable to agree upon the subsistence to be supplied, the wife is entitled to a court order directing the husband to perform this duty and the court must determine the amount to be paid by the husband.

The amount so to be awarded is in the discretion of the court, but this is not an absolute discretion and unreviewable. *Martin v. Martin,* 263 N.C. 86, 138 S.E. 2d 801; *Ipock v. Ipock,* 233 N.C. 387, 64 S.E. 2d 283; *Butler v. Butler, supra; Kiser v. Kiser,* 203 N.C. 428, 166 S.E. 304. The statute provides that the amount shall be "a reasonable subsistence" and shall be determined "according to his condition and circumstances." The financial ability of the husband to pay is a major factor in the determination of the amount of subsistence to be awarded. *Sayland v. Sayland,* 267 N.C. 378, 148 S.E. 2d 218. The wife of a wealthy man, who has abandoned her without justification, should be awarded an amount somewhat commensurate with the normal standard of living of a wife of a man of like financial resources.

The fact that the wife has property of her own does not relieve the husband of the duty to support her following his unjustified abandonment of her. *Sayland v. Sayland, supra.* Nevertheless, the statute expressly provides that the earnings and means of the wife are matters to be considered by the judge in determining the amount of alimony to be awarded. "It is a question of fairness and justice to both." *Sayland v. Sayland, supra.* The purpose of the award is to provide for the reasonable support of the wife, not to punish the husband or to divide his estate.

This is especially true of an allowance for subsistence *pendente*

*lite.* In *Sguros v. Sguros,* 252 N.C. 408, 114 S.E. 2d 79, Higgins, J., speaking for the Court, said:

> "A *pendente lite* order is intended to go no further than pro-
> vide subsistence and counsel fees pending the litigation. It can-
> not set up a savings account in favor of the plaintiff. Such is
> not the purpose and cannot be made the effect of an order."

The purpose of the award of support *pendente lite* is to provide for the reasonable and proper support of the wife in an emergency situation, pending the final determination of her rights. It has not yet been determined that the defendant was not justified in separating himself from the plaintiff. It is apparent from an examination of "Exhibit A," attached to the complaint, that it includes numerous items unrelated to her needs during the pendency of the litigation, such as the purchase of a new automobile every three years, replacement of draperies and rugs, trips, painting the home, and other items. Her estimates of other expenses appear to be rather liberal. However, it is well settled that the amount to be awarded for support *pendente lite* rests in the sound discretion of the hearing judge, and his determination will not be disturbed in the absence of a clear abuse of that discretion. *Miller v. Miller,* 270 N.C. 140, 153 S.E. 2d 854; *Sayland v. Sayland, supra; Griffith v. Griffith,* 265 N.C. 521, 144 S.E. 2d 589; *Harris v. Harris,* 258 N.C. 121, 128 S.E. 2d 123; *Mercer v. Mercer,* 253 N.C. 164, 116 S.E. 2d 443.

The allowance of $1,500 per month for the support of the plaintiff alone is exceedingly liberal in view of her ownership of the home, free and clear of encumbrances, and other resources. There were no children born of this marriage. The plaintiff's children by her first marriage are grown and only one of them continues to reside with her. The defendant's wealth was accumulated prior to his marriage to the plaintiff, a circumstance which somewhat distinguishes this case from *Mercer v. Mercer, supra.* Nevertheless, in view of the defendant's own affidavit as to the standard of living established by his generosity in providing for the plaintiff and her children prior to the separation, and in view of his acknowledged ability to maintain the plaintiff in somewhat luxurious manner, we do not find such an abuse of discretion by the hearing judge as would justify setting aside his determination of the subsistence to be paid her *pendente lite.*

The award of counsel fees rests upon a different basis. Apart from statute, there is no duty upon the husband, before or after separation, to furnish his wife with legal counsel, whether he or another

be the adverse party to her controversy. The award of counsel fees accompanying an award of permanent alimony, pursuant to G.S. 50-16, is to be made only after the merits of the controversy have been determined by a jury. *Davis v. Davis, supra.* The purpose of the allowance of counsel fees *pendente lite* is to enable the wife, as litigant, to meet the husband, as litigant, on substantially even terms by making it possible for her to employ adequate counsel. See: *Stanback v. Stanback,* 270 N.C. 497, 155 S.E. 2d 221 (counsel fees awarded on final judgment); *Myers v. Myers, supra; Deal v. Deal, supra; Harrell v. Harrell,* 253 N.C. 758, 117 S.E. 2d 728; *Mercer v. Mercer, supra; Fogartie v. Fogartie, supra; Oliver v. Oliver,* 219 N.C. 299, 13 S.E. 2d 549.

The award of counsel fees is not a necessary consequence of the award of subsistence. 27 Am. Jur., Husband and Wife, § 414. In the usual case, the wife is indigent or without substantial income of her own and the support allowance made to her is barely enough to provide her with the necessities of life. In such case, the requirement that the husband also pay her counsel fees is necessary to assure her a fair trial of their controversy. This is the purpose of the allowance of counsel fees, not punishment of the husband. The wealth of the husband has a direct and substantial bearing upon what is a reasonable amount to be awarded for the subsistence of the wife, since it is a factor in determining the standard of living which she may reasonably expect him to maintain for her. The wealth of the husband, however, has less bearing upon the value of the services rendered to the wife by her attorney. It does, of course, have a bearing upon the maximum fee which he is able to pay.

In the present case, less than two months elapsed between the separation and the entry of the order. The order directed the husband to pay $2,500 to the wife's counsel "as a fee for services rendered *to date.*" (Emphasis added.) There is nothing to indicate that the wife consulted her counsel prior to the husband's departure from the home. No evidence was introduced at the hearing by the plaintiff except her verified complaint, a short affidavit by her with reference to the effect of the full allowance prayed for upon the husband's income tax liability, and a copy of the joint income tax return. The entire evidence for the defendant consisted of his counter affidavit and three very short affidavits of other persons. Nothing in the record indicates that extensive preparation for the hearing was necessary or was made. The only documents in the record which would appear to have been prepared by the wife's counsel were the complaint, an order to show cause, an order for continuance, the

above affidavit with reference to the income tax liability, and the final order.

There is an obvious inconsistency in an order which allows a wife subsistence payments designed to enable her to live in a manner suitable for the wife of a wealthy man and which allows her counsel fees on the theory that she is indigent and unable to employ counsel. The plaintiff alleges in her complaint that she is the owner of a $48,000 residence which is free of encumbrances, she owns a new automobile and has over $13,000 in bank accounts and other investments. When to these resources there is added by the court's order an income from her husband at the rate of $18,000 per year, it cannot be said, in the absence of any findings of fact, that she is financially unable to pay a reasonable fee to her attorney and so is unable to employ counsel to represent her in her litigation with her husband.

In the absence of any findings of fact by the hearing judge, and without prejudice to the rights of either party upon the final hearing of this litigation, we conclude that the order from which the defendant appeals should be, and it is hereby, modified by striking therefrom the allowance of counsel fees and, as so modified, should remain in effect subject to the further orders of the superior court. This does not mean that the plaintiff's attorney is not entitled to a reasonable fee for his services. The question is simply, Who is to pay it? It is not necessary that we, at this time, determine what is a reasonable fee for the services rendered by the plaintiff's counsel prior to the order of 14 June 1967, and we make no such determination. That is a matter to be determined by negotiation between attorney and client.

Modified and affirmed.

HUSKINS, J., took no part in the consideration or decision of this case.