GLORIA OVERTON RICKERT v. JAMES BRYANT RICKERT

No. 37

(Filed 13 December 1972)

1. **Divorce and Alimony § 18— alimony pendente lite — finding of facts required**

   Though the former rule was that no findings of fact were necessary in alimony *pendente lite* matters unless adultery was charged

Rickert v. Rickert

against the wife, G.S. 50-16.8(f) now specifically provides that the judge shall find the facts from the evidence presented upon a hearing upon an application for alimony *pendente lite*.

2. **Divorce and Alimony § 18— consent judgment for permanent alimony — subsequent award of counsel fees — applicable laws**

The statutes and rules of law apposite to *pendente lite* subsistence and counsel fees should govern in an award of counsel fees made after an award of permanent alimony where the consent judgment awarding permanent alimony expressly provided that the question of counsel fees would later be submitted to and determined by the judge entering the consent judgment.

3. **Divorce and Alimony § 18— award of counsel fees — prerequisites**

The clear and unambiguous language of the applicable statutes provides as prerequisites for determination of an award of counsel fees that the spouse be entitled to the relief demanded, that the spouse be a dependent spouse and that the dependent spouse have insufficient means upon which to subsist during the prosecution of the suit and to defray the necessary expenses thereof. G.S. 50-16.3.

4. **Divorce and Alimony § 18— counsel fees and subsistence pendente lite — proof necessary to support order**

The allowance of counsel fees and subsistence *pendente lite* does not lie solely within the discretion of the trial judge; rather, the facts required by the statutes must be alleged and proved to support an order for subsistence *pendente lite* or an award of counsel fees.

5. **Divorce and Alimony § 18— counsel fees and alimony pendente lite — review of award on appeal**

Proper exercise of the trial judge's authority in granting alimony, alimony *pendente lite*, or counsel fees is a question of law reviewable on appeal.

6. **Divorce and Alimony § 18— amount of counsel fees and alimony pendente lite — discretionary matter — review on appeal**

When subsistence *pendente lite* or counsel fees are allowed pursuant to the statutory requirements, the amount of the allowance is in the trial judge's discretion, and is reviewable only upon showing an abuse of discretion.

7. **Trial § 6— stipulations — construction and effect**

A stipulation is a judicial admission, encouraged and looked upon with favor by the courts, but it will be construed with a view to effecting the intention of the parties and will not be extended beyond the limits set by the parties or by the law.

8. **Divorce and Alimony § 18; Trial § 6— stipulation concerning alimony pendente lite — ineffectiveness to support award of counsel fees**

Standing alone, defendant's stipulation in an order for alimony *pendente lite* that "for the purpose of this hearing plaintiff is entitled to such an order . . . " did not support a subsequent award of counsel

Rickert v. Rickert

fees where both the order awarding alimony *pendente lite* and the consent judgment awarding permanent alimony included statements that the court expressly refrained from ruling on the question of counsel fees.

**9. Divorce and Alimony § 18— award of counsel fees erroneous**

Counsel fees should be awarded when they are necessary to enable the wife, as litigant, to meet the husband, as litigant, on substantially even terms by making it possible for her to employ adequate counsel; therefore, an award of counsel fees to the wife was erroneous where the record shows that she received $800 per month from the husband for alimony and child support, that she had the use of the homeplace and all personal property therein free of ad valorem taxes, that she had an automobile and the right to enjoy family membership in the country club and that she owned stocks and bonds valued at around $140,000 and had an annual income therefrom of around $2250.

ON *certiorari* to the North Carolina Court of Appeals to review its decision (14 N.C. App. 351) affirming judgment of *Allen, Chief District Court Judge,* entered at the 14 June 1971 Session of BUNCOMBE County District Court.

This is a civil action pursuant to G.S. 50-16.1 *et seq.* for alimony pendente lite, custody and support of a child born to the marriage, permanent alimony without divorce, and counsel fees.

By her complaint plaintiff alleged that her husband had committed numerous acts of adultery, told her that he no longer loved her, threatened to kill her and their infant son, and by these and other specified acts and conduct had rendered plaintiff's condition intolerable and her life burdensome. Defendant by his answer entered a general denial.

Judge Harry C. Martin heard the matter in the Superior Court of Buncombe County, and at that time defendant stipulated, for the purposes of that hearing, that plaintiff was entitled to an award of alimony pendente lite. On 27 August 1970 Judge Martin entered an order reciting that by agreement of the parties plaintiff and the minor child born to the marriage should have possession of the homeplace and its contents and have full use of an automobile, and that defendant would pay all taxes, all insurance premiums, and all country club dues and assessments. By court order plaintiff was also awarded temporary custody of the only child along with alimony pendente lite in the sum of $600 per month and $200 per month for support of the minor child. Judge Martin expressly re-

Rickert v. Rickert

frained from ruling on the question of attorneys' fees for plaintiff's attorneys and stated that the motion for attorneys' fees might be ruled upon at the final determination of the action.

Thereafter, upon Buncombe County's becoming a part of the Uniform District Court System, the matter came on for hearing before Chief Judge C. Walter Allen of Buncombe County District Court.

On 25 June 1971 Chief Judge Allen entered a consent judgment which settled all matters between the parties, excluding the issue of counsel fees. This consent judgment embraced substantially all of Judge Martin's order and decreed that plaintiff be awarded permanent alimony and support and that the granting of custody become permanent. Chief Judge Allen refused at that time to make a determination of the question involving counsel fees.

On 26 July 1971, after the parties stipulated that the court could consider the entire record in deciding the issue of counsel fees, Chief Judge Allen entered an order in which certain findings of fact were made:

"1. That the plaintiff and defendant are citizens and residents of Buncombe County, North Carolina, and are properly before the court and the court has jurisdiction of all necessary parties in said action.

2. That the plaintiff and defendant entered into a consent judgment on the 25th day of June, 1971.

3. That plaintiff's counsel, Earl J. Fowler and Robert S. Swain, have been paid no attorneys' fees by the plaintiff up through and including the date of the final hearing on the above captioned matter.

4. That from the record evidence the income of the plaintiff was $2,253.00 per year.

5. That from the record evidence, the defendant's 1969 net income was $17,657.84.

6. That the defendant has stocks and bonds having an approximate value of $677,637.27; and the plaintiff has stocks and bonds in the amount of $141,362.50, the plaintiff's estate being derived principally from the mother of the defendant."

Based upon the above findings of fact, the court made the following conclusion of law:

"That the plaintiff is a dependent spouse and that the defendant is the supporting spouse in contemplation of law."

and ordered that defendant pay plaintiff's attorneys $8,500 as counsel fees.

Defendant excepted to findings of fact 3, 4, 5 and 6, and the conclusions of law as set out in the judgment. Defendant also excepted to the refusal of the judge to make and enter numerous findings of fact and conclusions of law tendered by him.

We granted certiorari on 31 July 1972.

*Robert S. Swain, by Joel B. Stevenson, Attorneys for plaintiff.*

*Bennett, Kelly & Long, by Harold K. Bennett, Attorneys for defendant.*

BRANCH, Justice.

The principal question for decision is whether Chief District Judge C. Walter Allen erred by ordering defendant to pay plaintiff's counsel fees *in any amount.* G.S. 50-16.1 *et seq.,* particularly G.S. 50-16.3 and G.S. 50-16.4, are pertinent to decision of this appeal. G.S. 50-16.4 provides:

§ 50-16.4. Counsel fees in actions for alimony.—At any time that a dependent spouse would be entitled to alimony pendente lite pursuant to G.S. 50-16.3, the court may, upon application of such spouse, enter an order for reasonable counsel fees for the benefit of such spouse, to be paid and secured by the supporting spouse in the same manner as alimony.

G.S. 50-16.3 provides, in part:

§ 50-16.3. Grounds for alimony pendente lite.— (2) A dependent spouse who is a party to an action for absolute divorce, divorce from bed and board, annulment, or alimony without divorce, shall be entitled to an order for alimony pendente lite when:

> (1) It shall appear from all the evidence presented pursuant to G.S. 50-16.8 (f), that such spouse is entitled to the relief demanded by such spouse in the action in which the application for alimony pendente lite is made, and

> (2) It shall appear that the dependent spouse has not sufficient means whereon to subsist during the prosecution or defense of the suit and to defray the necessary expenses thereof.

[1] We note that G.S. 50-16.8 (f) specifically provides that the judge shall find facts from the evidence presented upon a hearing upon an application for alimony pendente lite. This statutory requirement, effective 1 October 1967, changes the prior rule recognized in the line of cases represented by *Mercer v. Mercer*, 253 N.C. 164, 116 S.E. 2d 443, that no findings of fact were necessary in alimony pendente lite matters unless adultery was charged against the wife.

[2] The judgment awarding permanent alimony was entered on 25 June 1971, prior to the award of counsel fees. Ordinarily, the award of permanent alimony terminates an order for subsistence pendente lite or counsel fees. *Harris v. Harris*, 258 N.C. 121, 128 S.E. 2d 123. However, the consent judgment awarding permanent alimony expressly provided that the question of counsel fees would be later submitted to and determined by Chief Judge C. Walter Allen. Thus the statutes and rules of law apposite to pendente lite subsistence and counsel fees govern this decision.

[3] The clear and unambiguous language of the statutes under consideration provide as prerequisites for determination of an award of counsel fees the following: (1) the spouse is entitled to the relief demanded; (2) the spouse is a dependent spouse; and (3) the dependent spouse has not sufficient means whereon to subsist during the prosecution of the suit and to defray the necessary expenses thereof.

There is some language in our decisions which leaves the impression that the allowance of counsel fees and subsistence pendente lite lies solely within the discretion of the trial judge, and that such allowance is reviewable only upon a showing of an abuse of the judge's discretion. This seems to be plaintiff's contention.

**[4, 5]** The correct rule, overwhelmingly approved by our Court, is that the facts required by the statutes must be alleged and proved to support an order for subsistence pendente lite. *Deal v. Deal*, 259 N.C. 489, 131 S.E. 2d 24; *Briggs v. Briggs*, 234 N.C. 450, 67 S.E. 2d 349; *Bateman v. Bateman*, 233 N.C. 357, 64 S.E. 2d 156; *Cameron v. Cameron*, 231 N.C. 123, 56 S.E. 2d 384. Proper exercise of the trial judge's authority in granting alimony, alimony pendente lite, or counsel fees is a question of law, reviewable on appeal. *Smith v. Smith*, 219 N.C. 768, 14 S.E. 2d 788; *Covington v. Covington*, 215 N.C. 569, 2 S.E. 2d 558; *Holloway v. Holloway*, 214 N.C. 662, 200 S.E. 436; *Dawson v. Dawson*, 211 N.C. 453, 190 S.E. 749; *Caudle v. Caudle*, 206 N.C. 484, 174 S.E. 304; *McManus v. McManus*, 191 N.C. 740, 133 S.E. 9; *Moore v. Moore*, 130 N.C. 333, 41 S.E. 943; *Morris v. Morris*, 89 N.C. 109; *Pain v. Pain*, 80 N.C. 322; *Schonwald v. Schonwald*, 62 N.C. 215 (Phil. Eq. 215). See also, *Garner v. Garner*, 270 N.C. 293, 154 S.E. 2d 46; *Butler v. Butler*, 226 N.C. 594, 39 S.E. 2d 745; 24 Am. Jur. 2d Divorce & Alimony, § 549, p. 672.

**[6]** Allowance of counsel fees does not *require* allowance of subsistence pendente lite. *Deal v. Deal, supra.* Nor does the allowance of subsistence pendente lite *require* the allowance of counsel fees. *Schloss v. Schloss*, 273 N.C. 266, 160 S.E. 2d 5. It is true that when subsistence pendente lite or counsel fees is allowed pursuant to the statutory requirements, the *amount* of the allowance is in the trial judge's discretion, and is reviewable only upon showing an abuse of his discretion. *Stanback v. Stanback*, 270 N.C. 497, 155 S.E. 2d 221; *Harrell v. Harrell*, 253 N.C. 758, 117 S.E. 2d 728; *Mercer v. Mercer, supra; Fogartie v. Fogartie*, 236 N.C. 188, 72 S.E. 2d 226.

Plaintiff contends that the defendant's stipulation in the order for alimony pendente lite that "for the purpose of this hearing plaintiff is entitled to such an order . . . . " amounted to the ultimate fact upon which the resident judge could, in his discretion, award counsel fees.

We first consider the effect of this stipulation in the factual context of instant case.

**[7]** A stipulation is a judicial admission. *Nationwide Homes v. Trust Co.*, 267 N.C. 528, 148 S.E. 2d 693; *Farmer v. Ferris*, 260 N.C. 619, 133 S.E. 2d 492; *Moore v. Humphrey*, 247 N.C. 423, 101 S.E. 2d 460. It has been said in North Carolina that

courts look with favor on stipulations, because they tend to simplify, shorten, or settle litigation as well as saving cost to the parties. *Rural Plumbing & Heating, Inc. v. H. C. Jones Constr. Co.,* 268 N.C. 23, 149 S.E. 2d 625; *Chisolm v. Hall,* 255 N.C. 374, 121 S.E. 2d 726.

In *Lumber Co. v. Lumber Co.,* 137 N.C. 431, 49 S.E. 946, this Court considered judicial admissions, and Walker, J., speaking for the Court, stated: "Such agreements and admissions are of frequent occurrence and of great value, as they dispense with proof and save time in the trial of causes. The courts recognize and enforce them as substitutes for legal proof, and there is no good reason why they should not. . . . While this is so, *the court will not extend the operation of the agreement beyond the limits set by the parties or by the law."* (Emphasis added.)

It has been the policy of this Court to encourage stipulations and to restrict their effect to the extent manifested by the parties in their agreement. *Rural Plumbing & Heating, Inc. v. H. C. Jones Constr. Co., supra; Lumber Co. v. Lumber Co., supra.* See also, 50 Am. Jur. Stipulations § 9, p. 610. In determining the extent of the stipulation we look to the circumstances under which it was signed and the intent of the parties as expressed by the agreement. Similarly, " . . . stipulations will receive a reasonable construction with a view to effecting the intent of the parties; but in seeking the intention of the parties, the language used will not be so construed as to give the effect of an admission of a fact obviously intended to be controverted, or the waiver of a right not plainly intended to be relinquished, . . . " 36 Cyc. 1291, 1292; *Huegel v. Huegel,* 329 Mo. 571, 46 S.W. 2d 157.

[8] Judge Martin's order enumerated concisely each of defendant's obligations, all of which related to subsistence and child custody. Further, the fact that the stipulation did not include an award of counsel fees is reflected in the following portion of Judge Martin's order: "The court expressly refrains from ruling on the question of attorneys' fees for plaintiff's attorneys at this time, and that said motion for attorneys' fees may be ruled upon at the final determination of this action."

Recognition that allowance of counsel fees had not been considered by either judge was again clearly shown by para-

graph 15 of the consent order awarding permanent alimony and child custody signed by Judge Allen on 25 July 1971, to wit:

> (15) The court has heretofore expressly refrained from ruling on the question of attorneys' fees for plaintiff's attorneys, and the parties have been unable to agree as to whether or not any attorneys' fees shall be paid by the defendant, and if so, the amount thereof. It is, therefore, agreed that these questions shall be submitted to and determined by the undersigned Chief Judge of the Buncombe County District Court.

This order was consented to by both parties and their respective attorneys.

Manifestly, it was not the intent of the parties or the understanding of the respective trial judges that allowance of counsel fees be affected by defendant's stipulation. We cannot by construction broaden or extend this stipulation to encompass allowance of counsel fees. We therefore hold that defendant's stipulation, standing alone, did not support the award of counsel fees.

The trial judge could not have, without more, awarded counsel fees even if we concede defendant's stipulation included admissions of all requirements of G.S. 50-16.3 as relating to subsistence, and that the stipulation met the statutory prerequisite that plaintiff was entitled to the principal relief demanded.

[9]    The case of *Schloss v. Schloss, supra,* although decided before the repeal of G.S. 50-16 and the subsequent enactment of G.S. 50-16.1 *et seq.,* clearly states the basis for allowing counsel fees. There Justice Lake, speaking for the Court, stated:

> "The award of counsel fees rests upon a different basis. Apart from statute, there is no duty upon the husband, before or after separation, to furnish his wife with legal counsel, whether he or another be the adverse party to her controversy. . . . *The purpose of the allowance of counsel fees pendente lite is to enable the wife, as litigant, to meet the husband, as litigant, on substantially even terms by making it possible for her to employ adequate counsel.* See: *Stanback v. Stanback,* 270 N.C. 497, 155 S.E. 2d 211 (counsel fees awarded on final judgment) ; *Myers v. Myers, supra; Deal v. Deal, supra; Harrell v. Harrell,* 253 N.C. 758, 117 S.E. 2d 728; *Mercer v. Mercer, supra; Fogartie v.*

*Fogartie, supra; Oliver v. Oliver,* 219 N.C. 299, 13 S.E. 2d 549.

> *The award of counsel fees is not a necessary consequence of the award of subsistence."* (Emphasis added.)

We have carefully compared the provisions of former G.S. 50-16 and the provisions contained in G.S. 50-16.1 *et seq.* and find nothing which changed the rules of law so as to preclude application of *Schloss* to the present facts. Nor do we find such factual differences as would preclude such application.

The record shows that at the time of the entry of the order allowing counsel fees a consent judgment was in effect by which plaintiff was awarded alimony in the amount of $600 per month and the sum of $200 per month for support of the minor child born to the marriage of plaintiff and defendant. This same judgment awarded plaintiff the use of the homeplace together with all personal property located therein free of ad valorem property taxes. She was awarded a 1970 Pontiac convertible automobile and the privilege of enjoying the family membership in the Biltmore Country Club. Most significantly, the record reveals that plaintiff owned stocks and bonds valued at $141,362.50 and had an annual income therefrom in the amount of $2,253.

The evidence in this case clearly shows that an award of counsel fees was not necessary to enable the wife as litigant, to meet the husband, as litigant, on substantially even terms by making it possible for her to employ adequate counsel. The order allowing counsel fees was, therefore, erroneously entered.

In view of our holding, we do not deem it necessary to consider whether the amount of the award was unreasonable. The fee which plaintiff will pay her counsel is now a matter between them.

The decision of the Court of Appeals is

Reversed.