JEAN H. LITTLE v. JUNE C. LITTLE

No. 7422DC697

(Filed 18 September 1974)

**Divorce and Alimony § 16— award of attorney fees — sufficiency of evidence to support**

Evidence in an action for alimony without divorce, alimony pendente lite, and child custody and support which tended to show that services performed by plaintiff's attorney were difficult and time consuming and resulted in substantial benefit to plaintiff was sufficient to support the trial court's award of $6480 as attorney fees.

APPEAL by defendant from *Cornelius, Judge,* 20 May 1974 Session of District Court held in DAVIDSON County.

Heard in the Court of Appeals 4 September 1974.

This action was begun 8 June 1970. Plaintiff-wife sought alimony without divorce, alimony *pendente lite,* child custody and support, and attorney fees. Following a hearing on 22 June 1970, judgment was entered for the plaintiff, and defendant appealed. This Court affirmed the judgment. See *Little v. Little,* 9 N.C. App. 361, 176 S.E. 2d 521, wherein the facts of the case not pertinent to this appeal are more fully stated.

Prior to trial in the District Court, and after extended negotiations, settlement was reached between the parties, and a consent judgment entered on 13 May 1974. The judgment provided, among other things, that defendant would pay to the plaintiff $480 a month for her support and $175 a month for the support of each of two minor children, that defendant would provide a college education for the three minor children, that defendant would convey to plaintiff a life estate in the land and house where plaintiff resided, that defendant would carry medical and hospital insurance on the three minor children, that defendant would establish a $100,000 testamentary trust giving plaintiff the income for life with the corpus to go to the children, and that defendant would pay reasonable attorney fees for services rendered since 22 June 1970.

On 20 May 1974 a hearing was held to determine the amount of attorney fees to be paid. Plaintiff offered into evidence affidavits of Walter Foil Brinkley, plaintiff's attorney, and of two other attorneys, as well as defendant's deposition and answer to plaintiff's interrogatories. No evidence was sub-

mitted by defendant. After hearing, the trial judge made extensive findings of fact concerning the services rendered by plaintiff's attorney which included numerous conferences, preparation and argument of the first appeal to this Court, discovery procedures to determine the nature and extent of defendant's property, which exceeded $900,000, preparation for trial upon several occasions, and the negotiation of a settlement reached after a period of over two years. He further found that the reasonable value of the services rendered to plaintiff by her attorney was $6,480 and awarded the sum of $6,480 as attorney fees.

From this judgment defendant appealed.

*Walser, Brinkley, Walser and McGirt, by Walter Foil Brinkley, for plaintiff appellee.*

*Grubb and Penry, by J. Rodwell Penry, Jr., for defendant appellant.*

BALEY, Judge.

The sole question raised on this appeal is whether the amount awarded to plaintiff's attorney for his services was unreasonable and constituted an abuse of discretion by the trial judge.

It is well established that the amount of the allowance for attorney fees is in the discretion of the trial court and is reviewable only upon showing an abuse of discretion. *Stanback v. Stanback,* 270 N.C. 497, 155 S.E. 2d 221; *Stadiem v. Stadiem,* 230 N.C. 318, 52 S.E. 2d 899.

It seems clear that the services performed by plaintiff's attorney in this case were difficult and time consuming and resulted in substantial benefit to the plaintiff. The evidence presented was ample to sustain the findings of fact made by the court. Under the facts found we see no abuse of discretion in the award of the attorney fee.

Affirmed.

Judges BRITT and HEDRICK concur.