Shoaf v. Shoaf

---

NORMA LEE SHOAF v. ROBERT LEONARD SHOAF, JR.

No. 7522DC2

(Filed 2 April 1975)

**Divorce and Alimony §§ 18, 23— alimony and child support — sufficiency of evidence**

Evidence was sufficient to support the trial court's award of alimony and child support.

APPEAL by defendant from *Olive, Judge.* Judgment entered 5 August 1974 in District Court, DAVIDSON County. Heard in the Court of Appeals 14 March 1975.

Plaintiff wife brought this action against defendant husband seeking divorce from bed and board, alimony and support for the three children of the marriage. At the hearing on her request for alimony and support pendente lite, plaintiff offered evidence that defendant had assaulted her, had met secretly with other women, and had drunk excessively. In addition she offered evidence that defendant had made withdrawals of $37,450 in 1972, $48,825 in 1973, and $17,160 in the first five months of 1974, from the partnership "American Nylons" which is operated by defendant and his brother. On the basis of her accustomed standard of living, plaintiff estimated yearly expenses for herself and the children to be $14,694.

Defendant testified that he had not mistreated his wife nor had he drunk so much as to interfere with his work or normal activities. He offered testimony of two accountants for the partnership American Nylons, who testified that defendant's large withdrawals represented a depletion of business assets and not income; his share of the partnership income was only $12,351 in 1972 and $8,301 in 1973; while generating gross receipts of $2,872,758 in 1973, the business is now in a precarious financial condition, and the brothers have been advised to limit their salaries or withdrawals to $10,000 per year.

The court made findings of fact and ordered defendant to pay plaintiff $300 per month in alimony and $450 per month for child support pendente lite and $1,200 for counsel fees. Defendant appealed to this Court.

*Lambeth, McMillan & Weldon, by Charles F. Lambeth, Jr., for plaintiff appellee.*

*Walser, Brinkley, Walser & McGirt, by Walter F. Brinkley, for defendant appellant.*

ARNOLD, Judge.

Defendant challenges the sufficiency of the evidence to support the district court's findings of fact and urges that the case be remanded for additional findings on the evidence presented. The record reveals substantial evidence in support of the court's findings with respect to defendant's marital mis-

conduct, his withdrawals of large sums from the partnership for personal use, the partnership's annual income, plaintiff's estimated living expenses prior to the separation, and services rendered by plaintiff's attorney. These findings therefore will not be disturbed on appeal. *See Williams v. Williams,* 261 N.C. 48, 134 S.E. 2d 227 (1964) ; *accord, Peeler v. Peeler,* 7 N.C. App. 456, 172 S.E. 2d 915 (1970). Furthermore, it is well settled that amounts of alimony pendente lite and counsel fees are determined by the court in its discretion and are not reviewable absent a showing of abuse. *Rickert v. Rickert,* 282 N.C. 373, 193 S.E. 2d 79 (1973) ; *Schloss v. Schloss,* 273 N.C. 266, 160 S.E. 2d 5 (1968) ; *Little v. Little,* 23 N.C. App. 107, 208 S.E. 2d 277 (1974). In making the award, the court clearly did so, "having due regard to the estates, earnings, earning capacity, condition, accustomed standard of living of the parties, and other facts of the particular case." G.S. 50-16.5(a). *See generally* Annot., 1 A.L.R. 3d 208 (1965). Since we see no abuse of discretion, we affirm the order of the district court.

Affirmed.

Judges BRITT and MORRIS concur.