FELICIA S. SNELL v. CAUDLE SAND & ROCK COMPANY, INC.

(Filed 16 June, 1966.)

**1. Automobiles § 17—**

The act of a driver in entering an intersection so closely in front of an automobile plainly visible to him approaching along the intersecting four-. lane highway, that the driver of the car does not have sufficient time in the exercise of reasonable care to avoid a collision, constitutes a violation of G.S. 20-140(a) and G.S. 20-140(b), and is negligence *per se.*

2. **Automobiles §§ 41g, 42g—** Evidence held for jury on issue of negligence of defendant driver in entering intersection with dominant highway and not to show contributory negligence as matter of law on part of plaintiff.

Allegations and evidence, with judicial admissions, tending to show that defendant driver, acting in the course of his employment, was driving defendant's truck in a westerly direction in the northern section of a four-lane highway, that he turned left, traversed the cross-over for a paved rural road and across the southern section of the four-lane highway in front of plaintiff's vehicle, which was clearly visible to him, traveling east in the right lane of the southern section of the four-lane highway, that the driver of the car did not have time to avoid a collision, and struck the right rear wheel of the truck after the front of the truck had entered the rural road, *held* sufficient to be submitted to the jury on the issue of the negligence of the truck driver and not to disclose contributory negligence as a matter of law on the part of plaintiff in failing to see the truck in time to have avoided collision, her attention being focused on traffic moving in her direction of travel.

3. **Negligence § 26—**

Nonsuit for contributory negligence is proper only when plaintiff's evidence, considered in the light most favorable to her, so clearly establishes this defense that no other reasonable inference can be drawn therefrom.

4. **Negligence § 7—**

What is the proximate cause of an injury is ordinarily a question for the jury to be determined as a fact from the attendant circumstances, and conflicting inferences of causation arising from the evidence carry the case to the jury.

MOORE, J., not sitting.

APPEAL by plaintiff from *Hall, J.,* Second September 1965 Regular Civil Session of WAKE.

Civil action to recover damages for personal injuries and damage to an automobile allegedly caused in a collision between an automobile owned and driven by plaintiff and a dump truck owned by the corporate defendant and driven by its employee George Lawrence Sledge, who at the time was acting in the scope of his employment, and in furtherance of his employer's business.

Defendant in its answer admitted as true the allegations contained in paragraph 3 of the complaint as follows: "The collision herein complained of occurred on February 26, 1964, at approximately 1:55 P.M. near the intersection of U. S. Highway No. 70 and State rural paved road No. 1666, at a point approximately 2.5 miles west of the city limits of Raleigh, Wake County, North Carolina"; it also admitted as true the allegations contained in paragraph 4 of the complaint reading as follows: "At the point of the collision, U. S. Highway No. 70 is a four-lane highway, with a grass median

separating the westbound lanes from the eastbound lanes, with the exception of a 'cut-across' at the intersection of said highway with rural paved road No. 1666; rural paved road No. 1666 is a two-lane paved road approximately 19 feet wide and runs in a generally North-South direction"; it also admitted as true the allegations contained in paragraph 7 of the complaint that at the time of the collision its dump truck was being operated by its employee George Lawrence Sledge, who at the time was its employee and was acting in the course of his employment, and in the furtherance of his employer's business; it denied that it was negligent in any manner as alleged in the complaint. As a further answer and defense in its answer, defendant conditionally pleaded contributory negligence on plaintiff's part as a bar to any recovery by her; and as a further defense and counterclaim it alleged that its dump truck was damaged by reason of actionable negligence on the part of plaintiff in the operation of her automobile, and prays for damages to its dump truck.

Plaintiff filed a reply to defendant's counterclaim in which she alleged that if plaintiff was guilty of any negligent act as alleged in defendant's counterclaim, then defendant's employee was guilty of negligence in the operation of defendant's dump truck, and that if plaintiff was guilty of any negligence which was a proximate cause of the alleged damage to defendant's dump truck, then defendant's employee was guilty of contributory negligence which bars any recovery by it on its counterclaim.

At the close of plaintiff's evidence, defendant moved for a judgment of compulsory nonsuit on plaintiff's action, and announced that it desired to submit to a voluntary nonsuit as to its counterclaim against plaintiff. Whereupon, the court entered a judgment that defendant's counterclaim is dismissed as of voluntary nonsuit, and that plaintiff's action is nonsuited.

From this judgment, plaintiff appeals to the Supreme Court.

*Maupin, Taylor & Ellis by Wm. W. Taylor, Jr., for plaintiff appellant.*

*Teague, Johnson and Patterson by Ronald C. Dilthey for defendant appellee.*

PARKER, C.J.    Plaintiff assigns as error the judgment of compulsory nonsuit of her action.

The admissions in defendant's verified answer of facts alleged in the verified complaint, as set out above, are judicial admissions conclusively establishing the admitted facts as true for all purposes connected with the trial of the case. *Wells v. Clayton*, 236 N.C. 102,

72 S.E. 2d 16; Stansbury, N. C. Evidence, 2d Ed., § 177. This is so even though such admitted facts are not introduced in evidence. *Wells v. Clayton, supra.* Such admitted facts as here do not have to be introduced in evidence. I McIntosh, N. C. Practice and Procedure, 2d Ed., § 994. *Edwards v. Hamill,* 266 N.C. 304, 145 S.E. 2d 884, relied on by defendant, is factually distinguishable, in that the admissions here are of facts alleged in the complaint.

Considering plaintiff's evidence in the light most favorable to her, and giving her the benefit of every legitimate inference to be reasonably drawn therefrom, and considering the judicial admissions in defendant's answer, as set forth above, it tends to show the following facts: The collision alleged in the complaint occurred on 26 February 1964, at approximately 1:55 p.m., near the intersection of U. S. Highway No. 70 with State rural paved road No. 1666, at a point approximately 2.5 miles west of the city limits of Raleigh. At the point of collision U. S. Highway No. 70 is a four-lane highway, with a grass median separating the westbound lanes from the eastbound lanes, with the exception of a "cut-across" at the intersection of said highway with rural paved road No. 1666; rural paved road No. 1666 is a two-lane paved road approximately 19 feet wide, and runs in a generally north-south direction. At the time of the collision and immediately prior thereto the defendant's 1959 GMC dump truck was being operated by one George Lawrence Sledge, who was the employee of defendant and was acting in the course of his employment, and in furtherance of his employer's business. Immediately prior to the collision she was driving an automobile belonging to her husband and herself in an easterly direction in the right lane of the two lanes of U. S. Highway No. 70 designed for eastbound traffic. Three passengers were in the automobile with her. She was traveling 45 to 50 miles an hour. At the point of collision the posted speed limit for automobiles was 60 miles an hour. It was a clear day, and there was not any traffic on the highway traveling east. She was not paying any attention to the traffic on the westbound lanes of U. S. Highway No. 70 across the median strip traveling west. She was paying attention to the traffic on the highway going east. There was nothing to obstruct her view on the two eastbound lanes. When she was about 138 feet from the point of impact in the intersection of U. S. Highway No. 70 and State rural paved road No. 1666, she saw for the first time defendant's dump truck in and crossing the eastbound lanes of travel immediately in front of her. She testified: "I did not see the truck giving a left-turn signal. When I saw the truck it was just dashing across the highway. . . . I saw the right side of the truck. I could not see from my position whether or not the left front turning signal was in operation.

I didn't see any signal, but if he had a signal on it to turn — I didn't see a signal." Traveling at a speed of 45 to 50 miles an hour, she was going at a speed of 66 to 73⅓ feet per second, and she was not more than two seconds or a fraction of more than two seconds from collision with the dump truck. When she first saw its truck, she put on her brakes. Her car skidded. The right front of her car collided with the back right wheel of the dump truck. When she collided with the right rear wheel of the dump truck, the dump truck had entered rural paved road No. 1666 and the rear of the dump truck was from one to two feet on U. S. Highway No. 70 north of its southern edge. There were skid marks behind plaintiff's automobile 45 feet in length. Skid marks at their starting point were one foot eight inches from the south edge of Highway No. 70, and at the point where they ended they were one foot from the south edge of Highway No. 70. There was nothing to obstruct the view of the driver of defendant's dump truck of traffic proceeding east on U. S. Highway No. 70 for four-tenths of a mile down the highway in the direction from which plaintiff was approaching. By reason of the collision she sustained serious injuries and the automobile she was driving was badly damaged. Her evidence would permit a jury to find that the driver of defendant's dump truck drove the dump truck into the intersection in front of her approaching automobile, which was plainly visible to him, when he did not have sufficient time to pass through the intersection so that plaintiff in the exercise of reasonable care could avoid a collision with the dump truck, and that this constituted a violation of G.S. 20-140(a), and a violation of G.S. 20-140(b), and is negligence *per se,* which acts of negligence on defendant's part are alleged in the complaint; that the driver of the dump truck failed to keep a proper lookout, because if he had, he could have seen that plaintiff's approaching automobile, which was plainly visible to him, was not sufficiently far away to enable him to pass through the intersection in time to enable plaintiff in the exercise of reasonable care to avoid the collision, which failure to keep a proper lookout is alleged as an act of negligence on the part of the defendant; that such acts on the part of the driver of the dump truck constituted negligence, and that such negligence on the part of the driver of the dump truck was a proximate cause of the collision and injuries to plaintiff and damage to her automobile, and that such negligence on the part of the driver of the dump truck under the judicial admissions here as above set forth is attributable to the defendant. *Dunlap v. Lee,* 257 N.C. 447, 126 S.E. 2d 62; *Stegall v. Sledge,* 247 N.C. 718, 102 S.E. 2d 115; *Wall v. Bain,* 222 N.C. 375, 23 S.E. 2d 330; *Graham v. Gas Co.,* 231 N.C. 680, 58 S.E. 2d 757.

The evidence of the plaintiff, when considered in the light most

favorable to her, makes out a *prima facie* case of actionable negligence on the part of defendant.

Considering plaintiff's evidence in the light most favorable to her, it does not show contributory negligence on plaintiff's part so clearly that no other inference can be reasonably drawn therefrom. *Short v. Chapman,* 261 N.C. 674, 136 S.E. 2d 40.

What is the proximate cause of an injury is ordinarily a question for a jury. It is to be determined as a fact from the attendant circumstances. Conflicting inferences of causation arising from the evidence carry the case to the jury. *Pruett v. Inman,* 252 N.C. 520, 114 S.E. 2d 360.

We conclude that plaintiff has not proved herself out of court, and that her evidence was sufficient to withstand a motion for compulsory nonsuit.

The judgment of compulsory nonsuit was improvidently entered, and is

Reversed.

MOORE, J., not sitting.