OUTER BANKS CONTRACTORS, INC. v. SARAH E. FORBES, AND REGGIE OWENS

No. 50

(Filed 7 April 1981)

Contracts § 27— subcontractor's action for money judgment — no summary judgment for landowner

Plaintiff subcontractor was entitled to try its claim for a money judgment against defendant landowner for labor and materials supplied in connection with the improvement of certain real estate where plaintiff asked for a money judgment in its complaint, attached to its complaint as an exhibit an itemized statement of the labor and materials which had been furnished, stated in answers to interrogatories the substance of a contractual claim, and thereby came forward with specific facts upon which to base the conclusion that a contract existed between it and defendant landowner; moreover, a consent order entered into by the parties which recited that one defendant was the owner of the real property in question, that the other defendant was the general contractor for making certain improvements thereon, and that plaintiff was a subcontractor who had furnished

———————

labor and materials in connection with the project did not amount to a stipulation which served unalterably to fix the rights and liabilities of the parties to one another, as the clear purpose of the consent order was to serve as a vehicle whereby an additional party could be brought into the litigation, and defendant landowner therefore could not rely upon the consent order to show that defendant was her general contractor, that plaintiff was his subcontractor, and that there was no contractual relationship between her and plaintiff.

ON discretionary review of the decision of the Court of Appeals reported in 47 N.C. App. 371, 267 S.E.2d 63 (1980), affirming in part and reversing in part the judgment entered by *Beaman, J.*, at the 11 December 1978 Civil Session of District Court, DARE County.

In this action plaintiff seeks to obtain a money judgment against defendant Forbes and to enforce a lien upon certain real property belonging to her. In its complaint, filed in November 1973, plaintiff alleges that it is a North Carolina corporation which is engaged in the construction business in Dare County; that on or about 1 April 1973 defendant Forbes entered into a contract with plaintiff under the terms of which plaintiff was to supply labor and materials which were to be used in connection with the improvement of certain real estate in the town of Nags Head, North Carolina; that plaintiff furnished labor and materials pursuant to the contract worth $3,487.50 between 6 April and 4 June 1973; and that upon defendant Forbes' failure to pay for the labor and materials which had been furnished, plaintiff filed a notice and claim of lien in the office of the clerk of superior court of Dare County on 28 September 1973.

Defendant Forbes filed answer on 15 December 1973 denying the allegations of the complaint and asserting that she had not entered into any contract with plaintiff. She alleged that the only contract which she had entered into concerning the Nags Head project had been with R. D. Owens. She concluded her answer by alleging that she had paid Owens for all of the labor and materials which had been furnished by him and any subcontractors.

On 9 January 1976 the parties consented to an order whereby the court found that Owens had been the prime contractor for the construction of the Laughing Gull Lookout Cottages; that plaintiff had been a subcontractor who had furnished certain labor and materials for the project; and that it had ruled on 16 December 1975 that a written contract between defendants Forbes and Owens be adhered to in another lawsuit between them concerning the Nags

Head project. The court then concluded that "in order to bring this matter to its final conclusion" Owens' presence in the litigation was required, and it ordered that he be made a party defendant. Thereafter, on 19 January 1976, plaintiff filed an amended complaint which alleged a claim against Owens. The amended complaint also restated plaintiff's original claim against defendant Forbes.

In an order entered 14 December 1978, Judge Beaman granted defendant Forbes' motions (1) to strike plaintiff's amended complaint for the reason that it was filed without leave of court or the consent of defendant Forbes; and (2) for summary judgment. Plaintiff appealed from the order. In an opinion by Judge Webb, concurred in by Judges Arnold and Wells, the Court of Appeals affirmed the trial court's dismissal of plaintiff's claim for a lien. However, the Court of Appeals reversed the trial court's dismissal of plaintiff's claim for a money judgment, holding that there existed a genuine issue of material fact in regard to that claim.[1]

Defendant Forbes petitioned this court for discretionary review pursuant to G.S. § 7A-31. We allowed the petition on 16 September 1980.

*Aldridge, Seawell & Khoury, by Daniel D. Khoury, for plaintiff appellee.*

*Shearin, Gaw & Archbell, by Norman W. Shearin, Jr., and Ralph T. Baker for defendant appellant.*

BRITT, Justice.

Although defendant Forbes' petition to this court for discretionary review of the decision of the Court of Appeals did not expressly ask that our review be limited to that part of the decision which was adverse to her, a request for that limitation is obviously implied. Plaintiff did not petition for discretionary review of the portion of the decision which was adverse to it, namely, the affirmance of summary judgment in favor of defendant on the claim for enforcement of a lien. In its new brief plaintiff raises no question relating to the correctness of the Court of Appeals' holding on the claim. Rule 16(a) of the Rules of Appellate Procedure provides that

---

[1] Plaintiff did not assign as error before the Court of Appeals the trial court's action in granting defendant Forbes' motion to strike the amended complaint. Accordingly, any objection to that particular portion of the order of 11 December 1978 is deemed waived. N.C. R. App. P. 16.

the scope of our review of decisions of the Court of Appeals shall be "limited to consideration of the questions properly presented in the new briefs required by Rules 14(d)(1) and 15(g)(2) to be filed in the Supreme Court." Therefore, the only question presented to us is whether the Court of Appeals erred in reversing the entry of summary judgment in favor of defendant Forbes on the claim for a money judgment. We agree with the decision of the Court of Appeals.

In its complaint, plaintiff alleged that pursuant to an indivisible contract entered into between it and defendant Forbes, it furnished labor and materials for which defendant Forbes had agreed to pay $3,478.50; and that defendant had failed to pay said indebtedness. Plaintiff attached to its complaint, as an exhibit, an itemized statement of the labor and materials which had been furnished.

In her answer defendant Forbes denied entering into the contract. Following the conclusion of discovery proceedings, she moved for summary judgment. In an affidavit, she stated that

3) I entered into a written agreement dated March 17, 1972, with R. D. Owens, an additional defendant in this action, for the construction by Mr. Owens of the improvements described (as The Laughing Gull Cottage Court) . . . .

4) The aforesaid written contract with Mr. Owens was the sole contract entered into by me regarding the labor and materials which plaintiff alleges in its complaint were furnished to the real property owned by me. I have not entered into any contract, written or oral, with Outer Banks Contractors, Inc., the plaintiff, for the furnishing of labor and materials as alleged in plaintiff's complaint. All my dealings of a contractual nature regarding the matter in controversy were with Mr. R. D. Owens.

In opposition to defendant Forbes' motion for summary judgment, plaintiff offered its answers to interrogatories propounded to it by the movant. Answering on behalf of plaintiff corporation, Alvis Beacham, the president of the firm stated that on or about 1 April 1977 [sic][2], he entered into an oral contract with defendant

---

[2] Plaintiff's complaint alleges that the contract between it and defendant

Forbes; that the contract was entered into at defendant Forbes' property; that plaintiff was to "perform certain improvements with regard to a driveway or parking facilities for tenants of the defendant"; and that plaintiff was to be paid for its work.

Defendant Forbes argues that she was entitled to the entry of summary judgment on plaintiff's contract claim for two reasons. We find neither contention persuasive.

First, she contends that although plaintiff had the opportunity to come forward with specific facts upon which to base the conclusion that a contract existed between it and defendant Forbes, it failed to do so. We disagree. While the answers to defendant Forbes' interrogatories do not establish the precise details of the work which was to be performed, the answers do establish the substance of a contractual claim. It should be noted that plaintiff's exhibit A, a part of the complaint, is a component of the record of this case. At the hearing on the motion for summary judgment, that exhibit was competent evidence of several of the precise details of the contract to which the answers of the interrogatories do not speak. Exhibit A is a statement from plaintiff to defendant Forbes dated 11 June 1973. According to the statement, plaintiff furnished materials to defendant Forbes for the construction project in the form of clay base, sand, and stone. The quantities of the various materials which were furnished, as well as the price which was charged for each, are detailed by the statement. The dates upon which the materials were furnished at the site are also embodied by the document. The statement also indicates that defendant Forbes was furnished with the use of a bulldozer on four occasions, as well as the use of a motorgrader on one occasion. Again, the dates upon which these services were provided, as well as their respective costs, are embodied in the statement. Since the statement would have been competent evidence, *see Kessing v. National Mortgage Corp.*, 278 N.C. 523, 180 S.E. 2d 823 (1971), it would have been proper for the trial court to have considered it in passing upon defendant Forbes' motion. We hold that plaintiff did not fail to come forward with evidence of specific facts with which to resist defendant's motion for summary judgment.

Forbes was entered into on or about 1 April 1973. The present action was filed in November 1973. In her brief, defendant Forbes concedes that "[T]he year 1977 used in plaintiff's answer to interrogatories is apparently erroneous since it is not suing on a 1977 agreement."

Second, defendant Forbes contends that the order consented to by the parties on 9 January 1976 amounts to a judicial admission which serves to establish conclusively the relationship of the parties to this litigation. She argues that Owens was her general contractor, that plaintiff was his subcontractor, and that there was no contractual relationship between her and plaintiff.

The consent order of 9 January 1976 does not amount to a judicial admission. It will be recalled that the order recited that defendant Forbes was the owner of the real property in question, that defendant Owens was the general contractor for making certain improvements thereon, and that plaintiff was a subcontractor who had furnished labor and materials in connection with the project. While it is manifest that plaintiff consented to the entry of the order through its attorney of record, it cannot be fairly said to amount to a stipulation which serves to unalterably fix the rights and liabilities of the parties to one another.

A judicial admission is a formal concession which is made by a party in the course of litigation for the purpose of withdrawing a particular fact from the realm of dispute. *See generally* 2 Stansbury's North Carolina Evidence § 166 (Brandis rev. 1973). Such an admission is not evidence, but it, instead, serves to remove the admitted fact from the trial by formally conceding its existence. *E.g., State v. McWilliams,* 277 N.C. 680, 178 S.E.2d 476 (1971). Stipulations are viewed favorably by the courts because their usage tends to simplify, shorten, or settle litigation, as well as save costs to litigants. *Rickert v. Rickert,* 282 N.C. 373, 193 S.E.2d 79 (1972); *Rural Plumbing and Heating, Inc. v. H. C. Jones Construction Co.,* 268 N.C. 23, 149 S.E.2d 625 (1966); *Chisolm v. Hall,* 255 N.C. 374, 121 S.E.2d 726 (1961). Yet, the effect or operation of a stipulation will not be extended by the courts beyond the limits set by the parties or by the law. *Rickert v. Rickert, supra; Lumber Co. v. Lumber Co.,* 137 N.C. 431, 49 S.E. 946 (1905). In determining the extent of the stipulation, it is appropriate to look to the circumstances under which it was entered, as well as to the intentions of the parties as expressed by the agreement. *Rickert v. Rickert, supra.* Stipulations will receive a reasonable construction so as to effect the intentions of the parties, but in ascertaining the intentions of the parties, the language employed in the agreement will not be construed in such a manner that a fact which is obviously intended to be controverted is admitted or that a right which is plainly not intend-

ed to be waived is relinguished. *Id.*

Upon consideration of the language of the consent order in light of the foregoing principles of law, it is our conclusion that the order does not amount to a judicial admission of status. The document itself provides

> This cause coming on to be heard . . ., upon application of Outer Banks Contractors, Inc., the plaintiff, with the consent of Sarah E. Forbes, defendant, wherein the plaintiff shows to the Court that Reggie Owens, who is not a party to this action, is a necessary party to this action without whose presence before the Court a complete determination of the controversy which is the subject matter of this action cannot be had because:
>
> (a) The plaintiff was a subcontractor who furnished labor and materials for the construction of the Laughing Gull Lookout Cottages owned by the defendant, Sarah E. Forbes;
>
> (b) Reggie Owens was the prime contractor in the construction of said cottages for the defendant;
>
> (c) . . . .
>
> (d) . . . .
>
> (e) That in order to bring this matter to its final conclusion that the additional defendant, Reggie Owens needs to be added to said lawsuit;
>
> (f) . . . .
>
> IT IS NOW ORDERED that Reggie Owens be and he is hereby made a party defendant to this action; . . . .

The order makes it clear that its purpose was to establish a basis upon which the court could order that Owens be brought into the litigation as a party defendant. That being the case, it would be unreasonable for the courts, in light of the guidelines for construction enunciated in *Rickert v. Rickert, supra,* to ignore the plain language of the document regarding the parties' motivation for entering into it and construe it in such a manner that the status of all of the parties are determined for all time and for all purposes by its mandate.

In substance, the consent order is a pleading which serves to bring before the court an additional party to the litigation and properly align his position and posture. While a pleading can serve as a judicial admission, it is important to note that such is not invariably the case. *See generally* 2 Stansbury's North Carolina Evidence § 177 (Brandis rev. 1973). Final pleadings which define the issues to be litigated and upon which the case goes to trial can embody a judicial admission of a matter and serve to conclusively remove the establishment of that fact from the issues which are to be tried. *Champion v. Waller*, 268 N.C. 426, 150 S.E.2d 783 (1966); *Safeguard Insurance Co. v. Wilmington Cold Storage Co.*, 267 N.C. 679, 149 S.E.2d 27 (1966); *Snell v. Caudle Sand & Rock Co.*, 267 N.C. 613, 148 S.E.2d 608 (1966). Other pleadings, including pleadings in another case, amended pleadings, withdrawn pleadings in the same case, and collateral pleadings which serve some purpose other than the defining of issues, do not amount to judicial admission which are conclusive as to the matters contained therein. *E.g., State ex rel. Commissioner of Insurance v. North Carolina Rating Bureau*, 291 N.C. 55, 229 S.E.2d 268 (1976). Such pleadings may be utilized by a party to litigation as evidential admissions in precisely the same way as if it had been embodied in some other form. *E.g., Branch v. Dempsey*, 265 N.C. 733, 145 S.E.2d 395 (1965).

In the present case, we are dealing not with a final pleading which serves to define the pertinent issues upon which the case is to go to trial, but with a collateral pleading which fulfills some other objective of the parties. The clear purpose of the consent order was to serve as a vehicle whereby an additional party could be brought into the litigation. Sound judicial construction of the consent order dictates that the manifest purpose behind the entry of the order be given due consideration to the end that facts which are at the heart of the present case are not conclusively established and that rights which a party seeks to enforce are not abandoned. Therefore, we conclude that the consent order does not amount to a judicial admission.

Plaintiff has sought relief on two distinct theories of recovery: a claim based on a contract between itself and defendant Forbes, and a claim for a lien as a first tier subcontractor. While these theories appear to be inconsistent, they need not invariably be so. It is conceivable that under a given set of facts, a party may be able to assert a claim not only as a party to a direct contract with the owner

but also as a subcontractor. That particular conclusion must, in the proper case, depend upon sufficient evidence to support a *prima facie* case as to each claim. A fundamental principle of the Rules of Civil Procedure is that a litigant is entitled to assert as many separate claims as he may, in good faith, have, regardless of their consistency. G.S. § 1A-1, Rule 8(e)(2).

While we do not attempt to forecast the likelihood of plaintiff's eventual success in the future litigation of this matter, it is our conclusion that plaintiff is entitled to pursue its claim for a money judgment beyond the summary judgment stage.

For the reasons set out above, the decision of the Court of Appeals is

Affirmed.