An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-285
NORTH CAROLINA COURT OF APPEALS

Filed: 21 October 2014

RON E. CHAPPELL, CHARLES AND HAZEL
PITTMAN, JAMES AND DEBORAH ROSE,
EDWIN AND HAZEL WHITE, THE PARK AT
WESTGATE TOWNHOUSE ASSOCIATION,
INC.,
    Plaintiffs,

v.

WYNGATE HOMEOWNERS ASSOCIATION,
INC.,
    Defendant.

Wake County
No. 13 CVS 11260

Appeal by defendant from order entered 23 August 2013 by Judge Robert F. Johnson in Wake County Superior Court and order entered 18 October 2013 by Judge William R. Pittman in Wake County Superior Court. Heard in the Court of Appeals 10 September 2014.

> *Wyrick Robbins Yates & Ponton LLP, by Tobias S. Hampson and K. Edward Greene, for Plaintiffs-appellees.*
>
> *Rossabi Black Slaughter, P.A., by Gavin J. Reardon and Amiel J. Rossabi, for Defendant-appellant.*

ELMORE, Judge.

Wyngate Homeowners Association ("defendant") appeals from an order denying its motion to amend and an order granting

summary judgment to The Park at Westgate Townhouse Association, Inc. ("plaintiff Park") and seven individual members of plaintiff Park, Ron E. Chappell, Charles and Hazel Pittman, James and Deborah Rose, and Edwin and Hazel White ("individual plaintiffs").  In its brief, however, defendant fails to articulate any argument related to the trial court's order denying its motion to amend.  Thus, defendant has abandoned appellate review of that order pursuant to the North Carolina Rules of Appellate Procedure.  *See* N.C.R. App. P. 28(a).

Defendant argues that the trial court erred in granting summary judgment to plaintiff Park and the individual plaintiffs (collectively "plaintiffs") and plaintiff Park lacks standing to bring suit.  After careful consideration, we affirm the trial court's order granting plaintiffs' motion for summary judgment and hold that plaintiff Park has standing.

## I. Background

The Park and Wyngate are two housing subdivisions in Wake County.  The two communities are separated by a public street and right of way.  Homeowners in The Park community are members of plaintiff Park (The Park Townhouse Association) and defendant (the Wyngate Homeowners Association) pursuant to Section 3.3 of the Declaration of Covenants, Conditions and Restrictions for

plaintiff Park ("plaintiff Park Declaration"). That section of the plaintiff Park Declaration further provides that members of plaintiff Park "shall have all rights, privileges, and benefits as well as the obligations, assessments, and restrictions [of defendant]." The individual plaintiffs are all members of plaintiff Park and defendant. On 10 August 2012, plaintiffs filed a complaint against defendant seeking monetary damages and declaratory judgment for a determination that defendant's assessment fees to plaintiff Park members should be based upon the cost to defendant. Plaintiffs later voluntarily dismissed their claim for monetary damages.

Defendant charges an annual assessment fee to each of its members, including members of plaintiff Park. Defendant has assessed members of plaintiff Park the same fee as defendant's other members. After members of plaintiff Park expressed concern that their assessments from defendant were too high, defendant began paying an annual rebate to plaintiff Park. Defendant paid this rebate from 2002 until 2012, discontinuing it in 2013.

Defendant's Declaration of Covenants, Conditions and Restrictions ("Defendant's Declaration") states that "[a]ssessments with respect to a sub-class of membership shall

be determined by the cost to [defendant], experienced or reasonably anticipated, of carrying out the purposes of assessments, as applied to the sub-classes of memberships." Believing plaintiff Park to be a "sub-class of membership" of defendant and therefore subject to assessments separate from other members, plaintiffs filed a complaint seeking a declaratory judgment that would require defendant to assess members of plaintiff Park fees based upon the cost to defendant. The trial court granted plaintiffs' motion for summary judgment and ordered that defendant charge assessments to members of plaintiff Park based upon the cost to defendant.

## II. Analysis

### a.) Summary Judgment

Defendant first argues the trial court erred in granting summary judgment to plaintiffs because plaintiffs failed to produce evidence that they were members of a properly created Sub-Association under Defendant's Declaration. We disagree.

"Our standard of review of an appeal from summary judgment is de novo; such judgment is appropriate only when the record shows that 'there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.'" *In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572,

576 (2008) (quoting *Forbis v. Neal*, 361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007)).

### (i) Defendant's Judicial Admission

> A judicial admission is a formal concession which is made by a party in the course of litigation for the purpose of withdrawing a particular fact from the realm of dispute. Such an admission is not evidence, but it, instead, serves to remove the admitted fact from the trial by formally conceding its existence.

*Outer Banks Contractors, Inc. v. Forbes*, 302 N.C. 599, 604, 276 S.E.2d 375, 379 (1981)(citations omitted). "Facts alleged in the complaint and admitted in the answer are conclusively established by the admission." *Harris v. Pembaur*, 84 N.C. App. 666, 670, 353 S.E.2d 673, 677 (1987).

In Paragraph 1 of plaintiffs' complaint, they allege that plaintiff Park "is a sub-association of [defendant]." Defendant admitted to Paragraph 1 in its Motion to Dismiss and Answer. The fact that plaintiff Park is a sub-association of defendant is therefore conclusively established by defendant's admission to plaintiffs' allegation in the complaint. Moreover, in Paragraph 24 of its Motion to Dismiss and Answer, defendant explicitly states that "[i]t is admitted that [plaintiff Park] is a sub-association of [defendant]." Defendant acknowledges that its statements in Paragraphs 1 and 24 of its Motion to

Dismiss and Answer are judicial admissions and concede that plaintiff Park is a sub-association of defendant.

However, defendant seeks to distinguish "sub-associations" (lower-case "s" and "a") from "Sub-Associations" (capital "S" and "A").  Defendant argues that because plaintiffs never alleged that plaintiff Park is a "Sub-Association" as defined by Defendant's Declaration or a "sub-class of membership" of defendant, plaintiffs' use of the un-capitalized word "sub-association" in the complaint refers to the "generic, non-technical term[.]"  Defendant defines the generic term "sub-association" as "an association that is under, beneath, below, or a smaller part of, another association" or "an association that is subsumed within, and/or subordinate to, another association."  After applying the following legal principles of contract interpretation to the case at bar, we disagree with defendant's position.

### (ii) Contract Interpretation

"[W]henever a court is called upon to interpret a contract its primary purpose is to ascertain the intention of the parties at the moment of its execution."  *Cleland v. Children's Home, Inc.*, 64 N.C. App. 153, 156, 306 S.E.2d 587, 589 (1983)(citing *Lane v. Scarborough*, 284 N.C. 407, 409-10, 200 S.E.2d 622, 624

(1973)). "Contract interpretation depends in the first instance on the language of the instrument itself." *Citrini v. Goodwin*, 68 N.C. App. 391, 394, 315 S.E.2d 354, 358 (1984). "When the terms of a contract are plain and unambiguous, there is no room for construction. The contract is to be interpreted as written and enforced as the parties have made it." *State v. Philip Morris USA Inc.*, 363 N.C. 623, 632, 685 S.E.2d 85, 91 (2009)(citations and quotation marks omitted). "[A]n ambiguity exists in a contract if the language of the contract is fairly and reasonably susceptible to either of the constructions asserted by the parties." *Mosely v. WAM, Inc.*, 167 N.C. App. 594, 597-98, 606 S.E.2d 140, 142 (2004)(citation and quotation marks omitted). Additionally, "[w]here a contract defines a term, that definition is to be used." *Premier, Inc. v. Peterson*, __ N.C. App. __, __, 755 S.E.2d 56, 61 (2014).

We cannot agree with defendant that plaintiffs were required to capitalize the lettering and elaborate upon the term "sub-association" in order to make clear that plaintiffs alleged that plaintiff Park was a Sub-Association as defined by Defendant's Declaration. Plaintiffs' complaint consistently references Defendant's Declaration throughout, with Paragraph 16 quoting the definition of "Sub-Association" from the contract.

Paragraph 20 references sub-associations (note the lower-case letters) with regard to assessments for members of defendant as set forth by Defendant's Declaration. Whether capitalized or not, "sub-association" in plaintiffs' complaint clearly refers to "Sub-Association" as defined by the Defendant's Declaration. *See Premier*, __ N.C. App. at __, 755 S.E.2d at 61 (asserting that when a contract specifically defines a term, "that definition is to be used"). Defendant's judicial admission that "[plaintiff Park] is a sub-association of [defendant]" is therefore an admission that plaintiff Park is a Sub-Association as defined by Defendant's Declaration.

Additionally, we see no ambiguity in the language of Defendant's Declaration. Under the pertinent terms of the contract, a "Sub-Association" is defined as "sub-classes of membership in the Association created in accordance with the provisions of Article V of this Declaration." Using the plain language of that provision, plaintiff Park is a "sub-class of membership" of defendant because it is a sub-association of defendant. Defendant's Declaration further states that "[a]ssessments with respect to a sub-class of membership shall be determined by the cost to the [defendant], experienced or reasonably anticipated, of carrying out the purposes of

assessments, as applied to the sub-classes of memberships." Thus, assessments to plaintiff Park must be made based upon the cost to defendant. Accordingly, the trial court did not err in granting summary judgment to plaintiffs.

**b.) Standing**

Defendant also asserts that this Court lacks subject matter jurisdiction to hear this appeal because plaintiff Park does not have standing to bring suit on behalf of itself or on behalf of its members. We disagree. Even if we assume *arguendo* that plaintiff Park does not have individual standing, defendant's argument fails because plaintiff Park has representative standing.

"Whether a party has standing is a question of law which we review *de novo*, and may be raised for the first time on appeal and by this Court's own motion." *McCrann v. Pinehurst, LLC*, ___ N.C. App. ___, ___, 737 S.E.2d 771, 775 (2013)(citations omitted). Jurisdiction in North Carolina requires a justiciable case or controversy and "[s]tanding is a necessary prerequisite to the court's proper exercise of subject matter jurisdiction." *Creek Pointe Homeowner's Ass'n v. Happ*, 146 N.C. App. 159, 164, 552 S.E.2d 220, 225 (2001). "In North Carolina, homeowners' associations historically have enjoyed the general right to

participate in litigation. Our appellate courts have considered suits brought by homeowners' associations on a case-by-case basis[.]" *Id.* at 163, 552 S.E.2d at 224. A homeowners' association can bring suit as a plaintiff either on behalf of itself "or as a representative of injured members of the organization." *Id.* at 165, 552 S.E.2d at 225.

### (i) Representative Standing for Associations

> [A]n association has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted, nor the relief requested, requires the participation of individual members in the lawsuit.

*Creek Pointe*, 146 N.C. App. at 165, 552 S.E.2d at 225 (citing *Hunt v. Washington State Apple Advertising Commission*, 432 U.S. 333, 343, 53 L. Ed. 2d 383, 394 (1977)). However, an association typically "lacks standing to sue for money damages on behalf of its members if the damage claims are not common to the entire membership, nor shared equally, so that the fact and extent of injury would require individualized proof." *Id.* at 167, 552 S.E. 2d at 226 (citing *Warth v. Seldin*, 422 U.S. 490, 515–16, 45 L. Ed. 2d 343, 364 (1975)).

Here, plaintiff Park has standing to bring suit on behalf of its members if: 1.) its members would have standing to sue

in their own right, 2.) the interests it seeks to protect are germane to plaintiff Park's purpose, and 3.) neither the claim asserted nor the relief requested requires all of its individual members to participate in the lawsuit.

Plaintiff Park satisfies the first prong of the test because its members are also members of defendant and are subject to the defendant's contested assessments. Thus, its members would have standing to sue in their own right.

With regard to the second prong, defendant argues that the interests plaintiff Park seeks to protect are not germane to its purpose. However, plaintiff Park's Declaration states that its purpose is "enhancing and protecting the value, desirability, and attractiveness of the real property." The alleged overcharge of assessment fees affects all areas covered in plaintiff Park's statement of its intended purpose. Thus, the interests plaintiff Park seeks to protect are clearly germane to its purpose.

Finally, defendant asserts that plaintiff Park cannot satisfy the third prong because the relief sought in the complaint requires participation of the individual Park townhome owners. However, owners of the Park community townhomes are all members of plaintiff Park and defendant. Thus, the relief

sought in the complaint is common to all members of plaintiff Park and does not require the participation of all individual townhome owners.

Accordingly, plaintiff Park has standing to bring this suit on behalf of its members.

### III. Conclusion

In sum, the trial court did not err by granting plaintiffs' motion for summary judgment. Moreover, plaintiff Park has standing to bring suit on behalf of its members in this case.

Affirmed.

Judges CALABRIA and STEPHENS concur.

Report per Rule 30(e).